■ STROUT REALTY, INC., Respondent, v JAMES MECHTA, Appellant.—In an action for payment of a brokerage commission, the defendant appeals from an order of the Supreme Court, Dutchess County (Beisner, J.), entered November 14, 1989, which granted the plaintiff's motion to preclude the defendant from testifying at the trial unless he appeared for a further deposition, and denied his cross motion for an order disqualifying the assigned Supreme Court Justice for personal prejudice.

Ordered that the order is affirmed, with costs; and it is further

Ordered that the parties are directed to appear at this court on April 24, 1991, at 12:00 noon, to be heard, pursuant to 22 NYCRR 130-1.1 (c), upon the issue of the imposition of appropriate sanctions or costs, if any, against the appellant.

The source of the dispute at bar is the claim by the plaintiff broker that in January 1987 it presented the defendant seller with two buyers ready, willing and able to purchase the defendant's real property upon his terms. The defendant, who is an attorney admitted to practice in the State of New York, and who is appearing pro se, denies the plaintiff's allegation.

In his latest challenge to an order of the Supreme Court, the defendant once again conspicuously fails to raise any issue of either fact or law. Instead he asserts, without any support in the record, that the assigned Supreme Court Justice is prejudiced against him. He further reiterates earlier contentions, already adjudged to be groundless by this court, to the effect that the plaintiff, with the assistance of the Supreme Court, has been "harassing" him with its discovery demands, and that plaintiff's attorneys are not authorized to practice law (see, Strout Realty v Mechta, 161 AD2d 630).

The issue having been raised by the plaintiff, upon review of the record we conclude that the defendant's conduct in pursu-

ing yet another appeal that so obviously lacks merit in either fact or law must be characterized as frivolous within the meaning of 22 NYCRR 130-1.1 (c). Accordingly, the parties are directed to appear at this court on April 24, 1991, at 12:00 noon to be heard whether appropriate sanctions or costs should be imposed upon the defendant, pursuant to 22 NYCRR 130-1.1 (c), and if so, in what amount. Bracken, J. P., Kooper, Lawrence, Balletta and O'Brien, JJ., concur.