■ STROUT REALTY INC., Respondent, v JAMES MECHTA, Appellant.—In an action for payment of a brokerage commission, the parties were directed to appear before this court to be heard upon the issue of the imposition of appropriate sanctions or costs, pursuant to 22 NYCRR 130-1.1, to be imposed against the defendant for his conduct in pursuing a frivolous appeal from an order of the Supreme Court, Dutchess County, entered November 14, 1989 *(see, Strout Realty v Mechta,* 172 AD2d 602).

Upon the proceedings before this court on April 24, 1991, at which the parties were given an opportunity to be heard on the issue of sanctions and costs, it is

Ordered that James Mechta, the defendant *pro se,* is directed to pay $2,836 in costs to counsel for the plaintiff and $5,000 in sanctions to the Lawyer's Fund for Client Protection, for a total of $7,836, within 20 days after service upon him of a copy of this decision and order with notice of entry, for his conduct in pursuing this frivolous appeal from an order of the Supreme Court, Dutchess County (Beisner, J.), entered November 14, 1989.

The facts of the underlying action were set forth in our prior decision and order, which affirmed the order appealed from *(see, Strout Realty v Mechta,* 172 AD2d 602, *supra).* We concluded therein that "the defendant's conduct in pursuing [a second] appeal [with regard to this litigation] that so obviously lacks merit in either fact or law must be characterized as frivolous within the meaning of 22 NYCRR 130-1.1 (c)" *(Strout Realty v Mechta, supra,* at 602-603). On April 24, 1991, the defendant *pro se* and counsel for the plaintiff appeared before this court and were heard on the record with respect to the question of sanctions and costs. Although given the oppor-

tunity to do so, the defendant failed to demonstrate that his claims had any legitimate basis whatever, in light of the facts. During the proceeding, counsel for the plaintiff stated and documented that the sum necessary to reimburse his firm for its legal services and disbursements on this appeal was $2,836. Accordingly, we direct that the defendant compensate the plaintiff's counsel for those costs in the amount of $2,836 and that he pay an additional $5,000 sanction to the Lawyer's Fund for Client Protection (see, Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway, 76 NY2d 411, 413). Bracken, J. P., Lawrence, Balletta and O'Brien, JJ., concur.