■ In the Matter of SIGMUND SOMMER, Deceased. JACK SOMMER et al., Appellants; MURRAY B. FELTON et al., Respondents.—In a proceeding to vacate the final settlement of the estate of Sigmund Sommer, deceased, (1) the petitioner Jack Sommer appeals from (a) an order of the Surrogate's Court, Nassau County (Harrington, S.), dated December 21, 1989, which, *inter alia,* appointed Ira H. Lustgarten as Guardian ad Litem for Adam Sommer in this proceeding, and (b) an oral ruling contained in an unsigned transcript dated January 11, 1990, which denied the application by Jack Sommer to vacate the appointment of Ira H. Lustgarten as Guardian ad Litem, and (2) Adam Sommer appeals from an order of the same court, dated February 7, 1990, which denied his motion to vacate the appointment of Ira H. Lustgarten as Guardian ad Litem and to substitute Marilyn Friedenberg as Guardian ad Litem.

Ordered that the appeal from the oral ruling is dismissed, as no appeal lies from a ruling; and it is further,

Ordered that the orders are affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs, payable by the appellants personally.

When the Guardian ad Litem for the minor beneficiaries in this proceeding was relieved for medical reasons, the appellant Jack Sommer failed to object to the court's proposal to nominate a replacement Guardian ad Litem. The Surrogate then named Ira H. Lustgarten to that office. Approximately

two weeks afterward, Jack Sommer's son, the appellant Adam Sommer, who had attained the age of 14 after the appointment of the original Guardian ad Litem, attempted to nominate a different Guardian ad Litem. The Surrogate denied this motion and a similar motion by Jack Sommer.

We agree with the Surrogate that SCPA 403 does not authorize an infant over the age of 14 to nominate a Guardian ad Litem on behalf of the other infant beneficiaries. As the infant beneficiaries in this estate are united in interest, the Surrogate correctly held that the appointment of a separate Guardian ad Litem for Adam Sommer would be against the best interests of the wards. We also agree that the record demonstrates no conflicts of interest that would disqualify the Guardian ad Litem.

We have examined the Sommers' remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.