■ In the Matter of SIGMUND SOMMER, Deceased. LAURA SOMMER, Appellant; IRA H. LUSTGARTEN, Respondent, et al., Respondents.—In a proceeding to open and vacate the final settlement of the estate of Sigmund Sommer, deceased, the parties and their counsel were directed by decision and order of this court dated January 21, 1992, to appear before this court to be heard upon the issue of the imposition of appropri-

ate sanctions and/or costs, pursuant to 22 NYCRR 130-1.1, against the petitioner-appellant Laura Sommer and her counsel for their conduct in pursuing a frivolous appeal from an order of the Surrogate's Court, Nassau County, dated November 13, 1990 *(see, Matter of Sommer,* 179 AD2d 762).

Upon the proceedings before this court on February 26, 1992, at which the parties and their counsel were given an opportunity to be heard on the issue of sanctions and costs, it is

Ordered that Laura Sommer, the petitioner-appellant, and Peter R. Newman and Peter R. Newman, P.C., former counsel for the appellant, are jointly and severally directed to pay the total sum of $10,000 in costs to Ira H. Lustgarten, the respondent Guardian ad Litem, within 20 days after service upon them of a copy of this decision and order, with notice of entry, for their conduct in pursuing a frivolous appeal from an order of the Surrogate's Court, Nassau County (Harrington, S.), dated November 13, 1990.

A review of the record of the proceedings before this court on February 26, 1992, confirms our preliminary conclusion that the instant appeal was indeed "frivolous" as that term is defined by 22 NYCRR 130-1.1 (c) *(see, Matter of Sommer, supra).* Despite the fact that the petitioner-appellant was informed repeatedly that she was required to file an affidavit of standing pursuant to SCPA 402 (1), she failed to do so and submitted a motion to the Surrogate which was virtually identical to one which the court had denied on the merits only a few months earlier. She subsequently appealed from the Surrogate's denial of the motion, and she did not seek to withdraw the appeal from consideration despite the fact that this court determined that a nearly identical appeal in the same matter was without merit *(see, Matter of Sommer,* 178 AD2d 480). Furthermore, a review of our records demonstrates that this is not the first instance of abusive appellate process in which the petitioner and her former counsel have engaged.

The petitioner-appellant's conduct in appealing from the order dated November 13, 1990, not only placed an unnecessary burden on the respondent Guardian ad Litem in having to respond to it, but also constituted a misuse of judicial resources warranting the imposition of costs. Accordingly, we direct the payment of costs in accordance herewith *(see, Belsky v Belsky,* 175 AD2d 900; *Strout Realty v Mechta,* 175 AD2d 201). Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.