■ Brent Nowak et al., Respondents, v Nathan Walden et al., Defendants, and Michael J. J. Barnas, Nonparty-Appellant.—In an action, inter alia, to recover damages for breach of contract and fraud, Michael Joseph J. Barnas appeals from a judgment of the Supreme Court, Nassau County (Roncallo, J.), dated July 30, 1990, which, after a nonjury trial, imposed sanctions and costs upon him for frivolous conduct.

Ordered that the judgment is reversed, as a matter of discretion, without costs or disbursements, and sanctions and costs are denied.

The Supreme Court improvidently exercised its discretion in sanctioning the appellant for frivolous conduct (see, 22 NYCRR 130-1.1 [a]; Miller v John A. Keeffe, P. C., 164 AD2d 933). The appellant's challenge to the validity of the service of a temporary restraining order under CPLR 6313 (b) was not frivolous, but was well-grounded in law and fact and was not interposed as a means of delaying the proceedings or harassing the plaintiffs (see, 22 NYCRR 130-1.1 [c]).

Additionally, even if sanctions could properly have been imposed herein, the Supreme Court did not follow the proper procedure for doing so in this case, inasmuch as it failed to render "a written decision setting forth the conduct on which the award [of costs] or imposition [of sanctions] is based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount awarded or imposed to be appropriate" (22 NYCRR 130-1.2).

Moreover, the court's direction that both costs and sanctions be paid to the plaintiffs was erroneous, since only costs may properly be awarded to a party or an attorney *(see,* 22 NYCRR 130-1.1 [a]). Conversely, sanctions imposed upon an attorney are to be deposited with the Lawyers' Fund for Client Protection of the State of New York (formerly the Clients' Security Fund) *(see,* State Finance Law § 97-t), and sanctions imposed upon a party who is not an attorney are to be deposited with the clerk of the court *(see,* 22 NYCRR 130-1.3). Mangano, P. J., Sullivan, Balletta and Miller, JJ., concur.