■ PATRICIA L. CAMPBELL et al., Appellants, v CHARLES W. FINKE et al., Doing Business as CHAS-DICK QUARRIES, et al., Respondents.—Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Hickman, J.), entered September 5, 1990 in Orange County, which granted defendants' motion for summary judgment dismissing the complaint.

Assuming, arguendo, that plaintiffs have not abandoned the question of whether Supreme Court properly granted summary judgment to defendants on the question of liability, it is clear that defendants met their burden of coming forward with sufficient evidence to warrant, as a matter of law, a finding that it was not their vehicle that struck plaintiffs' automobile *(see, Zuckerman v City of New York,* 49 NY2d 557). Plaintiffs were then required to submit sufficient evidentiary proof to raise a triable issue of fact *(see, supra),* which they failed to do.

Supreme Court also properly granted summary judgment to defendants on the ground that plaintiffs failed to make a prima facie showing of serious injury within the meaning of Insurance Law § 5102 (d) *(see, Gabianelli v Gerardi,* 175 AD2d 468). In their affidavits, plaintiffs contend that they continue to experience pain and, as a result, are restricted in performing their daily activities. It is well settled that absent supporting credible medical evidence or documentation, subjective complaints of pain and discomfort, and the resulting impact upon plaintiffs' daily routines, are insufficient to sustain a finding of serious injury *(see, Beckett v Conte,* 176 AD2d 774, 775, *lv denied* 79 NY2d 753; *Gabianelli v Gerardi, supra,* at 469; *Gaddy v Eyler,* 167 AD2d 67, 72, *affd* 79 NY2d 955). Plaintiffs' affidavits contain nothing more than conclusory, self-serving allegations and there is no credible medical evidence establishing that the injuries complained of are causally related to the accident out of which this action arose. Summary judgment was, therefore, properly granted to defendants. Finally, we note that certain medical reports and records included in plaintiffs' appendix have not been considered insofar as such documentation was not before Supreme Court and does not concern judicially noticed matter *(see, Broida v Bancroft,* 103 AD2d 88, 93).

Weiss, P. J., Mercure, Crew III, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.