■ Martha Mazo et al., Respondents, v NYRAC, Inc.,

Appellant, et al., Defendants. [595 NYS2d 241] —In an action to recover damages for personal injuries, etc., the defendant NYRAC, Inc. appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated December 4, 1990, which denied its motion for a change of venue and imposed costs against it "for bringing this * * * motion".

Ordered that the order is modified, on the law, by deleting the provision thereof imposing costs against NYRAC, Inc.; as so modified, the order is affirmed, without costs or disbursements.

The court did not improvidently exercise its discretion in denying the motion of the defendant NYRAC, Inc. (hereinafter NYRAC) for a change of venue to Orange County (see, CPLR 510 [3]; *Weisemann v Davison,* 162 AD2d 448; *Filler v Cornell Univ.,* 147 AD2d 610; *McAdoo v Levinson,* 143 AD2d 819). The court went on, however, to *sua sponte* order that NYRAC "is assessed $150.00 in costs payable to plaintiff's attorney for bringing this frivolous motion". This was improper, in that the court did not follow the mandate of 22 NYCRR 130-1.1 (d). NYRAC was not put on notice, by the plaintiffs or by the court, that any such award was being sought or contemplated, and the defendant was not afforded an opportunity to be heard. Moreover, although we conclude that NYRAC's motion was properly denied, it may not be fairly characterized as frivolous.

Accordingly, since NYRAC's motion did have both a legal and factual basis, and was not primarily undertaken to delay or prolong the litigation, or to harass or maliciously injure another, the court improvidently exercised its discretion in imposing costs for frivolous conduct (see, 22 NYCRR 130-1.1 [d]). Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.