■ LEONA MARTINO, Respondent, v DOMINICK MARTINO, Defendant, and LYSAGHT, LYSAGHT & KRAMER, P. C., Nonparty Appellant. [599 NYS2d 990] —In a matrimonial action in which the parties were divorced by judgment dated September 19, 1988, the law firm representing the defendant appeals from so much of an order of the Supreme Court, Suffolk

County (Dunn, J.), dated November 13, 1990, as directed it to pay to the plaintiff the sum of $10,310.02 "as sanctions and penalties".

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the third decretal paragraph thereof imposing sanctions in the sum of $10,310.02 against the appellant is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination regarding whether and to what extent sanctions should be imposed against the appellant in accordance with the requirements and limitations of 22 NYCRR part 130.

Contrary to the appellant's contention, we find that a prior order of the court and the plaintiff's oral and written applications for sanctions afforded the appellant notice and a reasonable opportunity to be heard on the question of sanctions (see generally, 22 NYCRR 130-1.1 [d]; Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway, 76 NY2d 411, 413, n).

However, while we express no opinion with regard to whether there is evidence in the record which would support the imposition of sanctions against the appellant for frivolous conduct (see, 22 NYCRR 130.1-1 [c]; see, e.g., Matter of Sommer, 183 AD2d 832; Brancoveanu v Brancoveanu, 179 AD2d 614; Belsky v Belsky, 175 AD2d 900; Strout Realty v Mechta, 175 AD2d 201), we agree with the appellant that reversal is necessary because the court failed to state the basis for its determination in this case. Indeed, a court is required to issue "a written decision setting forth the conduct on which the * * * imposition [of sanctions] is based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount * * * imposed to be appropriate" (22 NYCRR 130-1.2; see, Nowak v Walden, 187 AD2d 418; Folk v State of New York, 185 AD2d 267; Jaswolk Realty v Jasper, 182 AD2d 739). Therefore, the matter must be remitted to the Supreme Court for a new determination regarding sanctions against the appellant.

In view of the remittitur, we further note some additional errors which, although not raised by the appellant, should be corrected if the court decides that the imposition of sanctions is appropriate. First, we note that only an award of costs may be made payable to a party (see, 22 NYCRR 130-1.1 [a]); hence, the challenged sanctions were erroneously made payable to the plaintiff rather than to the Lawyers' Fund for Client Protection of the State of New York (see, 22 NYCRR 130-1.3;

*Nowak v Walden, supra).* Additionally, the sanctions were improperly set forth in the form of an order rather than a judgment *(see,* 22 NYCRR 130-1.2). Moreover, the sanctions and costs imposed in this case exceeded the permissible aggregate amount of $10,000 *(see,* 22 NYCRR 130-1.2).

Accordingly, the matter is remitted to the Supreme Court so that it may render a new determination with respect to whether sanctions should be imposed against the appellant in accordance herewith. The court is reminded that any sanctions are to be made payable to the Lawyers' Fund for Client Protection of the State of New York. Sullivan, J. P., Lawrence, Santucci and Joy, JJ., concur.