■ MARILYN LOONEY et al., Plaintiffs, and CAROL L. PREVETE, Respondent, v FRANK EPERVARY et al., Appellants. [599 NYS2d 989] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Floyd, J.), entered January 24, 1991, which denied their motion for summary judgment dismissing the complaint insofar as it is asserted on behalf of Carol Looney Prevete.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted on behalf of Carol Looney Prevete, and the action with respect to the remaining plaintiffs is severed.

In support of their motion for summary judgment, the defendants submitted the unsworn reports of the plaintiff Carol Looney Prevete's treating physicians as well as the unsworn report of the physician who examined her on their behalf. Although the latter report may not be relied upon by the defendants *(see, Pagano v Kingsbury,* 182 AD2d 268), the reports of Prevete's treating physicians clearly indicate that she did not sustain a "serious injury" within the meaning of Insurance Law § 5102 (d) *(see, Oswald v Ospina,* 187 AD2d 570; *Estrada v Holmes,* 183 AD2d 436; *Hemmes v Twedt,* 180 AD2d 925; *McLiverty v Urban,* 131 AD2d 449). Prevete did not see a doctor until a week after the accident, last received medical treatment in 1984 (the accident occurred in June 1983), and missed only three days of work. Her affidavit in opposition to the motion was unsupported by any competent medical evidence and was insufficient to raise a triable issue of fact as to whether she had sustained a "serious injury" *(see, Jacondino v Lovis,* 186 AD2d 109; *Campbell v Finke,* 187 AD2d 780; *Zelenak v Clark,* 170 AD2d 677; *Calvin v Maille,* 127 AD2d 926). Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.