■ JESSE SIMONS, Appellant, v BARRY FEINSTEIN, Respondent. [601 NYS2d 281] —Order of the Appellate Term of the Supreme Court, First Department, entered on March 10, 1992, which modified an order of the Civil Court, New York County (Robert Lippman, J.), entered on October 1, 1991, to the extent of vacating Civil Court's award of attorney's fees to plaintiff, is unanimously modified, on the law, to the extent of remanding the matter to Civil Court for a hearing on plaintiff's entitlement to attorney's fees, and otherwise affirmed, without costs.

Plaintiff-appellant Jesse Simons commenced this action seeking to recover his fees for serving as an arbitrator. The Civil Court upheld appellant's claim against the defendant union for its share of the arbitrator's fee and set the matter down for a hearing on attorney's fees. The Appellate Term modified to the extent of holding that appellant is not entitled to attorney's fees. Appellate Term held that appellant is not entitled to an award of attorney's fees because of the absence of any contractual or statutory provision.

Although the Civil Court decision is silent as to the reason for a hearing on attorney's fees, it is clear from the record that the basis for the claim for attorney's fees is alleged frivolous conduct by defendant in connection with this litigation. *(See,* 22 NYCRR 130-1.1 [a], which reads in part: "The court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court, except where prohibited by law, costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct as defined in this Part".)

We express no opinion on the substantive issue of whether appellant is entitled to attorney's fees, but hold only that appellant is entitled to a hearing on the issue of attorney's fees. Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Asch, JJ.