■ ALVIN FROHMAN, Plaintiff, v BARBARA FROHMAN, Respondent, and ROSHWALD, BASS, CAINE & GOLDSTRICKER, Nonparty Appellant. [610 NYS2d 568] —In a matrimonial action, the law firm representing the plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County (Saladino, J.), dated October 9, 1991, as directed it to pay to the defendant the sum of $1,500 as a sanction.

Ordered that the judgment is reversed insofar as appealed

from, on the law, without costs or disbursements, the eighth decretal paragraph thereof imposing a sanction in the sum of $1,500 against the appellants is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the issue of the imposition of a sanction upon the appellants in accordance with the requirements and limitations of 22 NYCRR part 130.

The Supreme Court, on its own initiative, imposed a sanction of $1,500 against the plaintiff's law firm. This was improper in that the court did not follow the mandate of 22 NYCRR 130-1.1 (d). Counsel was not put on notice, by the defendant or by the court, that any such sanction was being sought or contemplated (see, Mazo v NYRAC, Inc., 191 AD2d 617; Giblin v Anesthesiology Assocs., 171 AD2d 839). Since we cannot say that sanctions are unwarranted, we remit the matter for a hearing on that issue (see, Giblin v Anesthesiology Assocs., supra).

In view of the remittitur, we note that the challenged sanctions were erroneously made payable to the defendant rather than to the Lawyers' Fund for Client Protection of the State of New York (see, 22 NYCRR 130-1.3; Martino v Martino, 194 AD2d 591). The appellants' remaining contentions are without merit. Thompson, J. P., Rosenblatt, Ritter and Santucci, JJ., concur.