■ In the Matter of PATRICIA D. IRELAND, Appellant-Respondent, v GREGORY F. IRELAND, Respondent-Appellant. [610 NYS2d 859] —In a proceeding pursuant to the Uniform Support of Dependents Law (Domestic Relations Law art 3-A), the petitioner appeals, as limited by her brief, from so much of an order and judgment (one paper) of the Family Court, Putnam County (Sweeny, J.), entered May 29, 1992, as denied her objections to that portion of a decision and order of the same court (Winslow, H.E.), entered January 31, 1992, as found her conduct frivolous within the meaning of 22 NYCRR 130-1.1, and granted the application of Gregory F. Ireland for an award of attorneys' fees, and Gregory F. Ireland cross-appeals, as limited by his brief, from so much of the same order and judgment as denied his objections to that portion of the decision and order entered January 31, 1992, as limited the award of attorneys' fees to $1,500.

Ordered that the order and judgment is reversed insofar as appealed from, on the law and the facts, the provision thereof which awarded the respondent-appellant $1,500 in attorneys' fees payable by the petitioner is sticken, and the application of Gregory F. Ireland for an award of costs pursuant to 22 NYCRR 130-1.1 is denied.

Ordered that the cross appeal is dismissed as academic, in light of our determination of the appeal; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The Family Court dismissed the petitioner's Uniform Support of Dependants Law proceeding to recover child support arrears, without prejudice. Even if the Family Court correctly dismissed the proceeding, we do not find that the imposition of $1,500 in attorneys' fees against the petitioner pursuant to 22 NYCRR part 130 was warranted. There was nothing in the petitioner's conduct that was so obviously without merit in law or fact as to be considered "frivolous" *(see,* 22 NYCRR 130-1.1 [c] [1]). One of the factors the court must consider in deciding whether to impose costs under this provision is whether the conduct "was continued when its lack of legal or factual basis was apparent or should have been apparent" (22 NYCRR 130-1.1 [c]). In fact, the petitioner sought to withdraw

her petition when Gregory Ireland brought his motion to dismiss at the outset of the proceeding.

Even if we were to conclude that the petitioner's conduct was frivolous, the Family Court erred in failing to include in its written decision a statement of "the conduct on which the award or imposition [was] based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount awarded or imposed to be appropriate" (22 NYCRR 130-1.2; *Nowak v Walden,* 187 AD2d 418). Finally, the petitioner was not afforded a reasonable opportunity to be heard on the issue of whether her conduct was frivolous *(see,* 22 NYCRR 130-1.1 [d]; *Flaherty v Stavropoulos,* 199 AD2d 301). Sullivan, J. P., Joy, Hart and Krausman, JJ., concur.