■ BASIL BRIGUGLIO et al., Respondents, v ROCKEFELLER CENTER, INC., et al., Appellants, et al., Defendant. (And a Third-Party Action.) [612 NYS2d 70] —In a negligence action to recover damages for personal injuries, etc., (1) the defendants Rockefeller Center, Inc., Rockefeller Center Management Corporation, and Rockefeller Group, Inc., appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), entered March 31, 1991, as granted the branch of the plaintiffs' motion which was pursuant to 22 NYCRR part 130, and (2) the defendant Rockefeller Center Properties, Inc., appeals, as limited by its notice of appeal and brief, from so much of the same order as granted the branch of the plaintiffs' motion which was pursuant to 22 NYCRR part 130 and denied the branch of the cross motion which was for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof directing the appellants to pay $5,000 to the plaintiff pursuant to 22 NYCRR part 130; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, to determine, in accordance with the requirements of 22 NYCRR part 130, whether and to what extent to award costs or to impose sanctions.

We agree with the appellants that modification is necessary because the Supreme Court failed to state the basis for its determination in this case. The Supreme Court also failed to state whether it was awarding costs or imposing sanctions. When awarding costs or imposing sanctions pursuant to 22 NYCRR part 130, the court is required to issue "a written decision setting forth the conduct on which the award [of costs] or [the] imposition [of sanctions] is based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount awarded or imposed to be appropriate" (22 NYCRR 130-1.2; *see, Martino v Martino,* 194 AD2d 591; *Nowak v Walden,* 187 AD2d 418). Moreover, sanctions are to be made payable to either the Lawyers' Fund for Client Protection or to the State Commission of Taxation and Finance rather than to the opposing party *(see,* 22 NYCRR 130-1.3).

Upon review of the record, we find that the court properly denied the branch of the appellants' cross motion which was for summary judgment dismissing the complaint insofar as it is asserted against Rockefeller Center Properties, Inc. Balletta, J. P., Miller, Altman and Krausman, JJ., concur.