■ PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK, Appellant, v AETNA CASUALTY & SURETY COMPANY, Respondent. [633 NYS2d 586] —In an action pursuant to Insurance Law § 5106 by the plaintiff hospital, as assignee of a patient, to recover benefits under the no-fault provisions of the Insurance Law, the plaintiff hospital appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Becker, J.), dated November 3, 1994, as granted those branches of the defendant's cross motion which were to dismiss the complaint and to impose costs pursuant to 22 NYCRR 130-1.1.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly dismissed the plaintiff hospital's action against the defendant no-fault insurance carrier for payment of a hospital bill and ordered the hospital to pay the defendant's costs (see, 22 NYCRR 130-1.1).

It is undisputed that the hospital had already received full payment from its patient's health care carrier well before it commenced the instant action against the defendant for payment of the same bill. Despite the foregoing, the hospital alleged in its complaint that its bill remained unpaid.

Although in opposition to the hospital's motion for summary judgment, defense counsel argued that the hospital had already received full payment from the patient's health carrier, the hospital denied that it had received such payment. It was not until the court directed the hospital's counsel to obtain an affidavit from a hospital official concerning the issue of payment that the hospital finally conceded that the payment had been received some nine months prior to commencement of its suit.

Moreover, prior to this concession and shortly after the action was commenced, the hospital had accepted an additional, partial payment from the defendant, which brought the total it received from both carriers to almost double the amount of the original hospital bill. In light of the foregoing circumstances, the court's order dismissing the action and requiring the plaintiff to pay the defendant's costs was proper (see, 22 NYCRR 130-1.1; see also, Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway, 76 NY2d 411, 413, n; Matter of Gordon v Marrone, 202 AD2d 104, 111; cf., Martino v Martino, 194 AD2d 591, 592). Thompson, J. P., Joy, Goldstein and Florio, JJ., concur.