■ PEARL GREEN, Respondent, v HENRY J. GLOEDE et al., Appellants. [635 NYS2d 878] —Order insofar as appealed from unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendants' motion for summary judgment seeking dismissal of the complaint on the ground that plaintiff did not sustain a "serious injury" within the meaning of Insurance Law § 5102 (d). In support of their motion, defendants submitted the deposition testimony of a physician who examined and treated plaintiff four times, from October 3, 1989 to November 29, 1989. That physician opined that plaintiff had a mild partial disability from September 13, 1989 to November 29, 1989 based upon a traction injury to the outer side of her left elbow sustained in the motor vehicle accident. Additionally, he testified that his neurological examination of plaintiff was normal; that her X-rays displayed no abnormalities; and that her injury did not prevent her from continuing her employment or performing her daily household duties. That testimony established prima facie that plaintiff did not sustain a serious injury, thereby shifting the burden "to plaintiff to come forward with sufficient evidence to overcome defendant[s'] motion by demonstrating that she sustained a serious injury within the meaning of the No-Fault Insurance Law" *(Gaddy v Eyler,* 79 NY2d 955, 957; *see also, Lopez v Senatore,* 65 NY2d 1017).

In opposition to defendants' motion, plaintiff submitted an attorney's affidavit, her affidavit and deposition testimony, the

deposition testimony of defendant Henry J. Gloede, and an unsworn letter from a treating physician. The affidavit of plaintiff's attorney on the issue whether plaintiff sustained a serious injury is "without evidentiary value and thus unavailing" *(Zuckerman v City of New York,* 49 NY2d 557, 563). Similarly, plaintiff's affidavit and deposition testimony are unavailing because they contain nothing more than conclusory and subjective allegations of pain and discomfort. "It is well settled that absent supporting credible medical evidence or documentation, subjective complaints of pain and discomfort, and the resulting impact upon plaintiff['s] daily routines, are insufficient to sustain a finding of serious injury [citations omitted]" *(Campbell v Finke,* 187 AD2d 780; *see also, Bonsu v Metropolitan Suburban Bus Auth.,* 202 AD2d 538, 539). Further, the deposition testimony of Gloede is irrelevant on the issue of serious injury. Finally, the unsworn letter of a treating physician is not proof in admissible form and, therefore, is insufficient to defeat defendants' motion for summary judgment *(see, Bonsu v Metropolitan Suburban Bus Auth., supra,* at 539; *Pagano v Kingsbury,* 182 AD2d 268, 270-271). (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wesley, Callahan and Davis, JJ.