■ ADRIENNE GOSSETT et al., Respondents, v FIRESTAR AFFILIATES, INC., et al., Appellants, et al., Defendants. [637 NYS2d 779] —In an action to recover damages for breach of contract, the defendants Firestar Affiliates, Inc., and Ben Kuncman appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Roncallo, J.), entered July 7, 1994, which granted the plaintiffs' motion for leave to enter a default judgment against the defendants Firestar Affiliates, Inc., and Ben Kuncman unless those defendants paid a sanction of $1,000 to the plaintiffs.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the plaintiffs' motion is denied, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings.

The court erred in sanctioning the appellants for frivolous conduct *(see,* 22 NYCRR 130-1.1) since their challenge to the validity of the plaintiffs' service of process was not frivolous within the meaning of 22 NYCRR 130-1.1 (c) *(Matter of Ireland v Ireland,* 203 AD2d 463; *Looney v Epervary,* 194 AD2d 591; *Matter of Barrera v Barrera,* 190 AD2d 667; *Nowak v Walden,* 187 AD2d 418). Moreover, even if the conduct at issue had been frivolous, the Supreme Court failed to follow the proper procedure for imposing sanctions.

Specifically, the appellants were not given a reasonable opportunity to be heard prior to the court's *sua sponte* imposition of the sanction *(see, George v Wyckoff Hgts. Hosp.,* 222 AD2d 552; *Breslaw v Breslaw,* 209 AD2d 662; *Matter of Flaherty v Stavropoulos,* 199 AD2d 301). Additionally, the court failed to render a written decision setting forth the conduct on which the sanction was based and the reason why it found the sanction imposed to be appropriate (22 NYCRR 130-1.2) *(see, C.B. Foods v Quarex Co.,* 204 AD2d 504, 505; *Matter of Ireland v Ireland, supra).* Lastly, the court erred in requiring the appellants to pay the sanction imposed directly to the plaintiffs. Such a sanction is to be deposited with the clerk of the court for transmittal to the State Commissioner of Taxation and Finance *(see,* 22 NYCRR 130-1.3; *Martinez v New York City Tr. Auth.,* 218 AD2d 643; *Briguglio v Rockefeller Ctr.,* 204 AD2d

503; *cf., Nowak v Walden, supra).* Miller, J. P., Thompson, Joy and Goldstein, JJ., concur.