OPINION OF THE COURT
Per Curiam.
Order dated October 24, 1995 reversed, without costs, and *381 the matter is remanded to Civil Court for a hearing de novo on tenant’s application for attorney’s fees.
Landlord’s holdover proceeding was dismissed for failure to establish a prima facie case of illegal subletting, a determination not challenged on this appeal. Tenant’s demand for legal fees was set down for a hearing, after which the court made an award of fees and disbursements "relying inter alia upon * * * the court rules regarding frivolous litigation”.
It is not disputed that the lease between the parties did not contain an attorney’s fees provision. Thus, section 234 of the Real Property Law was not triggered. However, the court is authorized in its discretion to award to any party reasonable attorney’s fees "resulting from frivolous conduct” (22 NYCRR 130-1.1 [a]). In this case, the award under part 130 was procedurally improper since the court failed, as required, to specifically set forth the conduct on which the award was based and the reasons why the court found such conduct to be objectionable (22 NYCRR 130-1.2; Martino v Martino, 194 AD2d 592; Gossett v Firestar Affiliates, 224 AD2d 487). In remanding this matter for a new hearing, we express no opinion on the substantive issue of whether the imposition of sanctions or attorney’s fees is warranted (Simons v Feinstein, 196 AD2d 432, 433; Martino v Martino, supra).
Parness, J. P., McCooe and Davis, JJ., concur.