■ ROSA MUNOZ, Appellant, v MARTIN GARAY, Respondent. [657 NYS2d 953] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Dye, J.), dated February 23, 1996, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, without costs or disbursements.

We agree with the Supreme Court that the defendant submitted admissible evidence demonstrating that the plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d), and that the plaintiff failed to come forward with competent evidence to create an issue of fact (*see, Scheer v Koubek,* 70 NY2d 678; *Campbell v Finke,* 187 AD2d 780; *Georgia v Ramautar,* 180 AD2d 713; *Beckett v Conte,* 176 AD2d 774; *Philpotts v Petrovic,* 160 AD2d 856). Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.

■ NORTH ATLANTIC LIFE INSURANCE COMPANY OF AMERICA, Appellant, v R.A.F. ELECTRICAL ENGINEERING et al., Respondents, et al., Defendants. [657 NYS2d 953] —In an action to recover damages for property loss, the plaintiff appeals from an order of the Supreme Court, Nassau County (Segal, J.), entered March 15, 1996, which granted the motion of the defendants R.A.F. Electrical Engineering and Rafael Rollo to vacate an order of the same court dated September 30, 1994, granting its motion for leave to enter a default judgment against these defendants upon their failure to timely interpose an answer.

Ordered that the order is affirmed, with costs.

The defendants R.A.F. Electrical Engineering and Rafael Rollo have proffered a reasonable excuse for their default in interposing an answer and a meritorious defense to the plaintiff's claims (*see, Putney v Pearlman,* 203 AD2d 333). Bracken, J. P., Santucci, Friedmann and Goldstein, JJ., concur.