McCooe, J.
(dissenting). I respectfully dissent. The order should be reversed and this matter remanded to the trial court for the purpose of holding a hearing and stating the reasons why the nonappearance was "without just cause” as mandated by the Rules of the Chief Administrator.
The appellant is a Legal Aid attorney who had requested an adjournment because his client had retained private counsel who was unavailable. The court denied the request and directed him to appear the following day because the Grand Jury panel term expired that day and the client wished to testify before it. The court stated: "you are here and he is here in the morning. Not at 3:30”. The appellant stated that "I won’t be able to be here tomorrow” and he asked for the following day. The court stated in substance to get another attorney to appear. The appellant did not appear in the morning of the following day but did appear at 12:45 p.m. after telephone calls were made to the Arraignment Part where the appellant was assigned. The substance of the colloquy follows. The court asked the appellant why sanctions should not be imposed and he stated that he was in arraignments that day and apologized. The court stated that at least the appellant could have called. The appellant requested a hearing on the issue of sanctions which was denied and the court stated that he was only entitled to put his reasons why sanctions should be denied on the record. A sanction was then summarily imposed.
Financial sanctions may be imposed by the court in its discretion upon an attorney who "without good cause” fails to appear on time for a scheduled court appearance. (22 NYCRR 130-2.1 [a].) In determining "without good cause” the court shall consider all the "attendant circumstances” including the *950 eight specified factors in 22 NYCRR 130-2.1 (b). They are: (1) the explanation, if any, offered by the attorney for his or her nonappearance; (2) the adequacy of the notice to the attorney of the time and date of the scheduled appearance; (3) whether the attorney notified the court and opposing counsel in advance that he or she would be unable to appear; (4) whether substitute counsel appeared in court at the time previously scheduled to proffer an explanation of the attorney’s nonappearance and whether such substitute counsel was prepared to go forward with the case; (5) whether an affidavit or affirmation of actual engagement was filed in the manner prescribed in part 125 of the Uniform Rules for Trial Courts of the Unified Court System; (6) whether the attorney on prior occasions in the same action or proceeding failed to appear at a scheduled court action or proceeding; (7) whether financial sanctions have been imposed upon the attorney pursuant to this section in some other action or proceeding; and (8) the extent and nature of the harm caused by the attorney’s failure to appear.
Sanctions may be imposed "after a reasonable opportunity to be heard. The form of the hearing shall depend upon the nature of the attorney’s failure to appear and the totality of the circumstances of the case.” (22 NYCRR 130-2.1 [d].) The court may impose sanctions "only upon a written memorandum decision or statement on the record setting forth the conduct on which the award or imposition is based and the reasons why the court found the attorney’s failure to appear at a scheduled court appearance to be without good cause.” (22 NYCRR 130-2.2.)
The summary disposition of the issue of sanctions was procedurally improper insofar as the appellant was not given the opportunity to be heard and the court did not set forth the reasons for its decision. (Gossett v Firestar Affiliates, 224 AD2d 487.) The rules and meaningful appellate review require that the court set forth the reasons why it found the nonappearance to be "without just cause.” The reasons should be based upon all the circumstances including the eight specified factors, insofar as relevant. The court recognizes the difficulties for a trial court to function effectively when attorneys fail to exercise a common courtesy of making a telephone call to advise the court that they will be late and to explain why they are requesting an adjournment. Nevertheless, the rules impose guidelines which must be followed.
*951 The order should be reversed and a hearing directed in conformity with the rules.
Parness, J. P., and Davis, J., concur; McCooe, J., dissents in a separate memorandum.