■ PREFERRED EQUITIES CORPORATION et al., Appellants, v AARON ZIEGELMAN et al., Respondents.—In an action, *inter alia,* for an accounting, the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Durante, J.), entered May 2, 1991, as (1) denied their motion (a) to strike the defendants' answers and counterclaims pursuant to CPLR 3126 and (b) to impose reasonable attorneys' fees and costs against the defendants on the instant motion and on a prior motion to compel discovery, which resulted in an order of the same court dated January 2, 1991, and (2) granted the defendants an additional 10 days to serve properly formulated responses to interrogatories.

Ordered that the order is modified, on the law, by granting the branch of the plaintiffs' motion which was to impose reasonable attorneys' fees and costs of both the instant motion and a prior motion to compel discovery, which resulted in an order of the same court dated January 2, 1991; as so modified, the order is affirmed insofar as appealed from, with costs to

the plaintiffs, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine reasonable attorneys' fees and costs of the motions to compel discovery.

We find that the conduct by counsel for the defendants during discovery warrants the imposition of reasonable attorneys' fees and costs against defense counsel pursuant to 22 NYCRR part 130. The defense counsel had engaged in a systematic delay of the discovery process. This conduct included not only the failure to comply with orders of the court, but the failure to come forth with any explanation for the noncompliance. In addition, counsel for the defendants misrepresented to a nonparty witness that a scheduled deposition had been adjourned, when in fact, it had not. Moreover, when this misrepresentation was recorded at a deposition, counsel for the defendants directed the reporting company not to give the plaintiffs' counsel a copy of the default deposition, threatening that if the reporting company failed to follow its direction, the reporting company would never do business with defense counsel's firm again.

In view of this frivolous conduct (see, 22 NYCRR 130-1.1 [c]), we remit the matter to the Supreme Court, Queens County, for a hearing to determine reasonable attorneys' fees and costs of the motions to compel discovery. Thompson, J. P., Balletta, Ritter and Santucci, JJ., concur.