■ JAMES E. FLAHERTY, Appellant-Respondent, v GEORGE STAVROPOULOS et al., Respondents-Appellants. [605 NYS2d 99] —In an action, inter alia, to recover damages for breach of contract, and tortious interference with contractual relations, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Leis, J.), dated June 12, 1991, which, inter

*alia,* granted the defendants' motion to dismiss the complaint, found the plaintiff's conduct frivolous within the meaning of 22 NYCRR 130-1.1, and directed him to pay a sanction of $500 plus $100 costs, and the defendants cross-appeal, on the ground of inadequacy, from so much of the order as limited the award to $500 in sanctions and $100 in costs.

Ordered that the order is modified, on the law, by deleting the provision thereof which directed the plaintiff to pay a sanction of $500 plus $100 costs; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing in accordance herewith.

The plaintiff contends, *inter alia,* that the Supreme Court erred in imposing a sanction upon him without affording him an opportunity to be heard. We agree. In its discretion, a court may award costs and financial sanctions against an attorney or party resulting from frivolous conduct *(see,* 22 NYCRR 130-1.1 [a]). Conduct is frivolous if "(1) it is completely without merit in law or fact and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; or (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [1], [2]). An award of costs or sanctions may be upon a motion or by the court sua sponte, after a reasonable opportunity to be heard. "The form of the hearing shall depend on the nature of the conduct and the circumstances of the case" (22 NYCRR 130-1.1 [d]). The rule mandates that the award of costs or imposition of sanctions only be made upon a written decision setting forth the offending conduct, why the court finds the conduct frivolous, and why the amount awarded or imposed was appropriate, and it requires that the award of costs or the imposition of sanctions or both be entered as a judgment of the court *(see,* 22 NYCRR 130-1.2). Here, the plaintiff was not afforded an opportunity to be heard on the matter of sanctions and costs. Accordingly, the matter is remitted to the Supreme Court, Suffolk County, for ·a hearing and reconsideration of the issue of an appropriate sanction and costs, if any.

We have considered the plaintiff's remaining contentions and find them to be without merit. Sullivan, J. P., O'Brien, Ritter and Joy, JJ., concur.