■ OTTO CARCHI, Plaintiff, v SHIRLEY CARCHI et al., Appellants, and SHASTRI DHANPAT et al., Respondents. [612 NYS2d 930] —In an action, *inter alia,* to declare a deed null and void, the defendants Shirley Carchi and Matilda Mendez appeal from an order of the Supreme Court, Queens County (Rutledge, J.), dated May 4, 1992, which granted the motion of the defendants Green Point Savings Bank, Shastri Dhanpat, and Mansilla Latchman, to compel them to comply with all outstanding discovery within 30 days of service upon them of the order, and assessed sanctions against their attorneys and directed their attorneys to pay counsel fees of $500 to each party.

Ordered that the order is modified, on the law, by deleting the provision thereof imposing sanctions and counsel fees; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing in accordance herewith.

The court did not improvidently exercise its discretion in

compelling the appellants to comply with all outstanding discovery *(see, Kaplan v Herbstein,* 175 AD2d 200).

In imposing sanctions and counsel fees against the appellants' counsel, the court failed to set forth in a written decision the offending conduct, why the court found the conduct frivolous, and why the amount awarded was appropriate. In addition, we question whether the appellants were afforded an appropriate opportunity to be heard *(see,* 22 NYCRR 130-1.2; *Flaherty v Stavropoulos,* 199 AD2d 301). However, based upon our review of the record, we conclude that there was a sufficient basis for the court to impose sanctions and counsel fees based upon counsel's conduct and therefore, the matter is remitted for a hearing on the issue of the appropriate amount of sanctions and reasonable counsel fees and for written findings *(see, Preferred Equities Corp. v Ziegelman,* 190 AD2d 659). Thompson, J. P., Rosenblatt, Ritter, Friedmann and Krausman, JJ., concur.