■ In the Matter of MANUEL BERROCALES, Appellant, v BEVERLY IDELS, Respondent. [615 NYS2d 756] —In a custody proceeding, the petitioner father appeals from an order of the Family Court, Richmond County (Meyer, J.), dated October 30, 1992, which directed him to pay a fine in the amount of $250 by November 27, 1992.

Ordered that the order is reversed, on the law and as a matter of discretion, without costs or disbursements, and that the matter is remitted to the Family Court, Richmond County, for further proceedings consistent herewith.

In a petition dated July 2, 1991, the appellant alleged that the respondent was constantly "harass[ing]" and "badmouthing" him, that the respondent's roommate "spanked" the

parties' child and that the parties' child was "in dang[er] and suffer[ing] from emotional and mental problems because of the above situation". The appellant requested that the respondent's visitation rights be suspended.

In an order dated the same day as this petition, the Family Court found that the petition was "frivolous on its face and * * * made in retaliation for respondent being awarded unsupervised visitation". The court imposed a sanction of $250, payable by August 5, 1991, and in the order appealed from, the court again directed the respondent to "pay fine of $250.00 by 11/27/92".

The record on appeal furnished to this Court contains no proof that the appellant was given a reasonable opportunity to be heard prior to the Family Court's imposition of a monetary sanction (see, 22 NYCRR 130-1.1 [d]; Flaherty v Stavropoulos, 199 AD2d 301; Folk v State of New York, 185 AD2d 267). Further, the Family Court did not state any reason "why [it] found the amount awarded or imposed [was] appropriate" (22 NYCRR 130-1.2; Carchi v Carchi, 203 AD2d 505; Martino v Martino, 194 AD2d 591). The sanction must, therefore, be vacated.

The petition dated July 2, 1991, was "on its face" no more "frivolous" than any of the several other petitions which the parties have exchanged since 1986. Certainly, it cannot be considered intrinsically "frivolous" for the father of a child to request the suspension of the mother's visitation when, as is alleged in the petition under review, the child's emotional stability is at stake. On the other hand, it may well be "frivolous" for a father to invent a claim that his child's emotional health is suffering when, in fact, such a claim is totally unfounded. In other words, while the petition under review cannot be considered frivolous on its face, upon the taking of evidence, it may be established that the petition is frivolous as a matter of fact, as that term is defined in the governing regulation (see, 22 NYCRR 130-1.1 [c]).

Because we cannot categorically say that the petition under review was not frivolous and because vacatur of the sanction is required for the reasons noted above, we remit to the Family Court for a hearing (see, Giblin v Anesthesiology Assocs., 171 AD2d 839). Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.