■ MILTON BRESLAW, Plaintiff, v EVELYN BRESLAW, Respondent, and DORIS L. SASSOWER et al., Appellants. [619 NYS2d 662] —In a matrimonial action, the nonparties Doris L. Sassower and Doris L. Sassower, P. C., appeal from (1) an order of the Supreme Court, Westchester County (Fredman, J.), entered June 24, 1991, which imposed costs and sanctions on the appellants, and (2) a judgment of the same court, entered July 15, 1991, thereon.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, and the matter is remitted to the Supreme Court, Westchester County, for a hearing before a different Justice in accordance herewith; and it is further,

Ordered that the nonparty appellants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The appellants, Doris L. Sassower and Doris L. Sassower, P. C., are prior counsel to the defendant wife in her underlying matrimonial action. After a hearing, the appellants were ordered to pay costs and sanctions pursuant to 22 NYCRR 130-1.1 *et seq.,* for, *inter alia,* failing to timely turn over the defendant wife's file to her new counsel pursuant to an order

of a Judicial Hearing Officer. The appellants contend, *inter alia,* that the Supreme Court erred in imposing costs and sanctions upon them without affording them a reasonable opportunity to be heard. We agree. In its discretion, a court may award costs and financial sanctions against an attorney or party resulting from frivolous conduct *(see,* 22 NYCRR 130-1.1 [a]). Conduct is frivolous if "(1) it is completely without merit in law or fact and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; or (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [1], [2]). An award of costs or the imposition of sanctions may be upon a motion or by the court *sua sponte,* after a reasonable opportunity to be heard. "The form of the hearing shall depend on the nature of the conduct and the circumstances of the case" (22 NYCRR 130-1.1 [d]). The rule mandates that the award of costs or imposition of sanctions only be made upon a written decision setting forth the offending conduct, why the court finds the conduct frivolous, and why the amount awarded or imposed was appropriate, and it requires that the award of costs or the imposition of sanctions or both be entered as a judgment of the court *(see,* 22 NYCRR 130-1.2). Here, although, arguably, the court set forth in its written decision the offending conduct, why it found it frivolous, and why the amount awarded was appropriate, by denying the appellants, *inter alia,* the right to cross-examine witnesses and the right to present a defense, the court failed to give the appellants the mandated reasonable opportunity to be heard. Accordingly, the matter is remitted to the Supreme Court, Westchester County, for a hearing and reconsideration of the issue of appropriate sanctions and costs, if any *(see, Flaherty v Stavropoulos,* 199 AD2d 301).

We have considered the appellants' remaining contentions and find them to be without merit. Santucci, J. P., Friedmann, Krausman and Goldstein, JJ., concur.