■ JACK WALKER et al., Respondents, v ISRAEL WEINSTOCK et al., Appellants. [624 NYS2d 193] —In an action for the declaration of ownership of the 4200 Avenue K Realty Corporation, the defendants appeal from an order of the Supreme Court, Kings County (Huttner, J.), dated May 11, 1983, which denied their motion to dismiss the complaint, and sua sponte directed the defendant Israel Weinstock to pay to the plaintiffs $1,500 in counsel fees.

Ordered that the order is modified, on the law, by deleting the provision requiring the defendant Israel Weinstock to pay to the plaintiffs $1,500 for counsel fees; as so modified, the order is affirmed, without costs or disbursements.

Under the circumstances of this case, the trial court properly denied the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a).

The trial court, however, abused its discretion in ordering the defendant Israel Weinstock, an attorney representing himself in this action, to pay $1,500 to the plaintiffs for counsel fees. In the absence of a motion for costs or sanctions, a trial court may consider whether to impose costs or financial sanctions for frivolous conduct against an attorney or a party only after availing that litigant of a reasonable opportunity to be heard (22 NYCRR 130-1.1 [a], [d]). Moreover, a trial court is required to make a written decision setting forth the offending conduct, and explaining why the court determined that the conduct was frivolous, and why the amount awarded or imposed was appropriate (22 NYCRR 130-1.2). In this case, the plaintiffs did not move for the imposition of costs or sanctions, nor did the court conduct a hearing on the issue of sanctions

or otherwise grant the defendant an opportunity to be heard *(see, Breslaw v Breslaw,* 209 AD2d 662; *Flaherty v Stavropoulos,* 199 AD2d 301). Nor did the court detail, in writing, the basis for its determination.

In any event, the motion which forms the basis for this appeal cannot be characterized as frivolous as it was neither "completely without merit in law or fact" nor undertaken with a dilatory or injurious purpose (22 NYCRR 130-1.1 [c] [1], [2]). Accordingly, the trial court's order with respect to the imposition of costs or sanctions was both procedurally and substantively erroneous, and cannot be sustained. Lawrence, J. P., Santucci, Friedmann and Florio, JJ., concur.