■ EDGAR GEORGE, Respondent, v WYCKOFF HEIGHTS HOSPITAL, Appellant, et al., Defendant. [635 NYS2d 82] —In an action to recover damages for medical malpractice, the defendant Wyckoff Heights Hospital appeals from so much of an order of

the Supreme Court, Kings County (Huttner, J.), dated September 12, 1995, as, upon the application of the plaintiff's trial counsel, imposed financial sanctions on its trial counsel and ordered its trial counsel to withdraw from the case.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the application of the plaintiff's trial counsel is denied.

On the morning of September 11, 1995, the defendant Wyckoff Heights Hospital (hereinafter Wyckoff) learned that the plaintiff had settled with the codefendant doctor in the underlying medical malpractice action for $45,000. The Supreme Court Justice assigned to this action (Bellard, J.) was ill and the trial had been adjourned for a week. After this settlement was placed on the record, Wyckoff's trial counsel, David Hoffman, and the plaintiff's trial counsel, Evan Goldberg, engaged in a conversation wherein, according to Goldberg, Hoffman allegedly made professionally unethical comments.

Thereafter, on the afternoon of that very same day, and at Goldberg's insistence, a hearing was held before the Supreme Court (Huttner, J.), concerning the conversation between Hoffman and Goldberg. After the hearing, the Supreme Court (Huttner, J.), *inter alia*, ordered Hoffman to pay sanctions of $10,000 and to withdraw as trial counsel for Wyckoff. We reverse.

The record indicates that the Supreme Court disregarded the clear mandate of 22 NYCRR 130-1.1 (d) which provides, insofar as is relevant to the facts at bar, that the imposition of sanctions "may be made * * * upon motion in compliance with CPLR 2214 or 2215 * * * after a reasonable opportunity to be heard" (*see also, Flaherty v Stavropoulos*, 199 AD2d 301; *Matter of Berrocales v Idels*, 207 AD2d 446; *Mazo v NYRAC, Inc.*, 191 AD2d 617). In any event, Goldberg did not establish, on this record, that Hoffman manifested, during the subject conversation, an intent to "harass or maliciously injure" (22 NYCRR 130-1.1 [c] [2]) the plaintiff.

Finally, it is well settled that a party to litigation has the right to "select an attorney of his or her choosing" (*Greene v Greene*, 47 NY2d 447, 453). On this record, the Supreme Court abused its discretion in removing Hoffman as trial counsel for Wyckoff. Mangano, P. J., Bracken, Sullivan and Balletta, JJ., concur.