■ SURY SCHEINERT, Respondent, v AARON SCHEINERT, Appellant. [637 NYS2d 22] —In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Kings County (Rigler, J.), dated September 14, 1994, which denied his motion to vacate a determination of the same court dated February 22, 1994, directing his counsel to pay the plaintiff's counsel $1,000 in fees.

Ordered that the order is reversed, on the law, the defendant's motion is granted, the determination dated February 22, 1994, is vacated, and the matter is remitted to the Supreme Court, Kings County, for a hearing in accordance herewith.

The court ordered the defendant's counsel to pay the plaintiff's counsel $1,000 in fees "for time spent in court due to actions of defendant's counsel". In doing so, the court stated that a hearing was not required to make such an award. This was error. Pursuant to 22 NYCRR 130-1.1 (a), the court may award costs "in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct". Costs may be awarded, however, only "after a reasonable opportunity to be heard" (22 NYCRR 130-1.1 [d]). Thus, the matter must be remitted to give the defendant's counsel an opportunity to be heard, either orally or on papers, at the court's discretion, on the issue of whether an award of costs is appropriate and the amount of attorney's fees, if any, to be awarded as a result of the defense counsel's conduct *(see, Matter of Berrocales v Idels,* 207 AD2d 446; *Flaherty v Stavropoulos,* 199 AD2d 301, 302). Mangano, P. J., Miller, Copertino, Santucci and Hart, JJ., concur.