■ TELEMARK CONSTRUCTION, INC., Appellant, v FRANCIS FLEETWOOD AND ASSOCIATES et al., Respondents. AARON R. GOLUB, Nonparty Appellant; CAROLINE HIRSCH et al., Nonparty Respondents. [653 NYS2d 666] —In an action, *inter alia,* to recover damages for tortious interference with contract, the plaintiff and the nonparty Aaron Richard Golub appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), entered July 11, 1995, as (1) granted that branch of the motion of the nonparty witnesses Caroline Hirsch and Andrew Fox which was to vacate certain subpoenas and for a protective order against discovery, (2) denied that branch of the plaintiff's cross motion which was for attorney's fees and sanctions, and (3) imposed a $5,000 sanction against Aaron Richard Golub.

Ordered that the order is modified, by deleting the provision thereof imposing a sanction upon Aaron Richard Golub; as so modified, the order is affirmed insofar as appealed from, with

one bill of costs to the respondents appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

On the record before us, it cannot be said that the court improvidently exercised its discretion in vacating the subpoenas and granting a protective order in favor of the nonparty witnesses (see, CPLR 3103 [a]).

We further find that, on its face, the conduct of Golub, the plaintiff's counsel, for which the court imposed a sanction, satisfied the definition of frivolous conduct, that is, conduct "undertaken primarily * * * to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [2]). Conduct outside of court can be sanctionable pursuant to 22 NYCRR part 130 (see, Matter of Felber v Felber, 208 AD2d 725; Preferred Equities Corp. v Ziegelman, 190 AD2d 659; Strax v Granoff & Walker, 227 AD2d 252). However, the conduct cited by the court as the basis for the imposition of the sanction here was not the conduct for which the nonparty witnesses sought to have sanctions imposed. There is no indication in the record that Golub was given advance notice prior to oral argument on the motion and cross motion that the court was considering the imposition of a sanction for the cited conduct, nor is there any indication that he was given an opportunity to be heard on the issue of whether a sanction should be imposed for the cited conduct. Accordingly, the matter is remitted to the Supreme Court, Suffolk County, to give Golub an opportunity to be heard, either orally or on papers, at the court's discretion (see, Scheinert v Scheinert, 223 AD2d 631; Matter of Berrocales v Idels, 207 AD2d 446). O'Brien, J. P., Thompson, Joy and Goldstein, JJ., concur.