■ In the Matter of the Estate of HARRY WINSTON, Deceased. [663 NYS2d 255] —In a proceeding by trustees under the Last Will and Testament of Harry Winston for "advice and direction" pursuant to SCPA 2107, nonparty Charles A. Goldberger

appeals from so much of an order and decree (one paper) of the Surrogate's Court, Westchester County (Emmanuelli, S.), dated September 12, 1996, as, upon granting that branch of the respondent Bruce Winston's motion which was for the imposition of costs and sanctions pursuant to 22 NYCRR part 130, (1) directed him to pay $7,500 to the Lawyer's Fund for Client Protection, and (2) decreed that the Surrogate would recuse himself in all pending and prospective matters in which Charles A. Goldberger appears as an advocate for any client, and nonparty Kenneth L. Stein separately appeals, as limited by his brief, from so much of the same decree as directed him to pay $2,500 to the Lawyer's Fund for Client Protection.

Ordered that the order and decree is reversed insofar as appealed from by Charles A. Goldberger, and the provisions thereof which imposed sanctions on Charles A. Goldberger and decreed that the Surrogate would recuse himself in all pending and prospective matters in which Charles A. Goldberger represents a client are deleted; and it is further,

Ordered that the order and decree is affirmed insofar as appealed from by Kenneth L. Stein; and it is further,

Ordered that Charles A. Goldberger is awarded one bill of costs payable by Bruce Winston personally.

The Surrogate did not improvidently exercise his discretion in imposing sanctions against attorney Kenneth L. Stein for making baseless accusations as to the Surrogate's bias towards an adversary in a motion seeking the Surrogate's recusal, without checking into the accuracy of the underlying factual predicate supporting the bias allegations (see, Matter of Public Adm'r of County of N. Y. v Cohen, 221 AD2d 297; Matter of Jemzura v Mugglin, 207 AD2d 645; Bahlkow v Greenberg, 185 AD2d 829; Principe v Assay Partners, 154 Misc 2d 702). However, it was an improvident exercise of discretion to sanction attorney Charles A. Goldberger, who supplied Stein with the erroneous facts underlying the allegations of bias. The record reveals that Goldberger gave Stein the information with a good-faith belief in its accuracy, refused to take part in the recusal motion, and did not draft the specific allegations of bias made in the recusal motion.

Furthermore, while the Surrogate in his discretion may recuse himself from any pending or prospective matters in which Goldberger appears on behalf of a client, such recusal is more properly done on a case-by-case basis (see generally, Berman v Herbert Color Lithographers Corp., 222 AD2d 640; Matter of Muller v Muller, 221 AD2d 635; Matter of Malinda V., 221 AD2d 549). Thompson, J. P., Sullivan, Joy and Florio, JJ., concur.