■ ABIGAIL B. MORRISON, Respondent, v ARTHUR MORRISON, Appellant. [667 NYS2d 312] —In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Westchester County (DiBlasi, J.), dated August 1, 1996, which, *sua sponte*, directed him to pay sanctions in the aggregate sum of $1,000.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

We disagree with the defendant's claim that, as a matter of law, he did nothing to warrant the imposition of sanctions.

A court may impose sanctions *sua sponte*, but the party to be sanctioned must be afforded a reasonable opportunity to be heard (*see*, 22 NYCRR 130-1.1 [a], [d]; *George v Wyckoff Hgts. Hosp.*, 222 AD2d 552; *Walker v Weinstock*, 213 AD2d 631). Here, the defendant was not afforded such an opportunity. Further, the court failed to state why it found the amount of the sanctions imposed to be appropriate (*see*, 22 NYCRR 130-1.2; *George v Wyckoff Hgts. Hosp., supra*; *Walker v Weinstock, supra*). Accordingly, the matter must be remitted to the Supreme Court, Westchester County, for a hearing and the reconsideration of the issue of the appropriate amount of sanctions to be awarded, if any (*see*, *Breslaw v Breslaw*, 209 AD2d 662; *Matter of Berrocales v Idels*, 207 AD2d 446). Rosenblatt, J. P., Miller, Ritter and Florio, JJ., concur.