■ HENDRICK HUDSON CENTRAL SCHOOL DISTRICT, Appellant, v JOANNE FALINSKI et al., Respondents, et al., Defendants. [678 NYS2d 783] —In an action to enjoin the defendants from disseminating certain information pertaining to charges of misconduct brought by the plaintiff against the defendant Joanne Falinski, the plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rosato, J.), entered September 3, 1997, as denied that branch of its motion which was for summary judgment and granted that branch of the cross motion of the defendants Joanne Falinski and Robert Saperstein which was for summary judgment dismissing the complaint, and (2) from an order of the same court, entered December 8, 1997, which directed that a hearing be held on that branch of the cross motion of the defendants Joanne Falinski and Robert Saperstein which was to impose sanctions on the plaintiff pursuant to 22 NYCRR 130-1.1 (c).

Ordered that, on the Court's own motion, the appellant's notice of appeal from the order entered December 8, 1997, is treated as an application for leave to appeal and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order entered September 3, 1997, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered December 8, 1997, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiff school district brought disciplinary charges against the defendant Joanne Falinski, an elementary school principal, regarding, *inter alia*, Falinski's alleged denial of special education services to certain named students. In a purported attempt to dispel rumors that the charges involved

child abuse and criminal conduct, Falinski's attorney, the defendant Robert Saperstein, distributed copies of the charges in redacted form to the media and public, omitting the names of the students, their families, and sometimes their illnesses and medication. The plaintiff thereafter commenced this action against Falinski, Saperstein, and two private citizens, alleging that the distribution of the redacted charges or any other information which reasonably tended to identify the subject students violated various confidentiality laws and regulations (*see, e.g.,* 20 USC § 1232g; Education Law § 4403 [9]; 8 NYCRR 200.5; General Municipal Law § 805-a; Public Officers Law § 96). The Supreme Court dismissed the complaint as to the two private citizens, and granted the plaintiff's application for a preliminary injunction only to the extent that Falinski and Saperstein were enjoined from disseminating copies of the unredacted charges or otherwise disclosing the names of the students or their families. Falinski and Saperstein were not enjoined, however, from distributing copies of the redacted charges. Subsequently, by order entered September 3, 1997, the Supreme Court denied that branch of the plaintiff's motion which was for summary judgment for a permanent injunction forbidding Falinski and Saperstein from disseminating the unredacted charges and granted that branch of the cross motion of Falinski and Saperstein which was for summary judgment dismissing the complaint. In an order entered December 8, 1997, the court ordered a hearing on that branch of the cross motion of Falinski and Saperstein which was to impose sanctions against the plaintiff.

The Supreme Court did not err in its disposition of the motion and cross motion. The plaintiff failed to prove that Falinski and Saperstein distributed or threatened to distribute the unredacted charges (*see, Thomas v Musical Mut. Protective Union,* 121 NY 45, 52; *Grogan v Saint Bonaventure Univ.,* 91 AD2d 855; 67 NY Jur 2d, Injunctions § 7; 12A Carmody-Wait 2d, NY Prac § 78:157, at 292; *cf.,* CPLR 6301). Moreover, the issue of confidentiality was academic, since the case file was left unsealed for approximately 10 months, during which time a reporter examined the file and learned the names of the students. No triable issues of fact existed precluding summary judgment in favor of the respondents (*see,* CPLR 3212; *Zuckerman v City of New York,* 49 NY2d 557).

The Supreme Court properly ordered a hearing on the issue of sanctions (*see,* 22 NYCRR 130-1.1; *Scheinert v Scheinert,* 223 AD2d 631). Bracken, J. P., Miller, O'Brien and Santucci, JJ., concur.