■ JENNIFER CANGRO, Appellant, v FRANK F. CANGRO, Respondent. [707 NYS2d 895] —In an action for a divorce and ancillary relief, the plaintiff wife appeals from (1) an order of the Supreme Court, Richmond County (Harkavy, J.), dated December 23, 1998, which denied her motion, in effect, to reargue two prior orders of the same court (Ponterio, J.), dated February 5, 1998, and February 18, 1998, respectively, *inter alia*, vacating all pendente lite orders and denying her cross motion for maintenance, and (2) an order of the same court, dated February 3, 1999, which denied her renewed motion, in effect, to reargue, and, *sua sponte*, imposed a sanction upon her for frivolous conduct.

Ordered that on the Court's own motion the notice of appeal from so much of the order dated February 3, 1999, as, *sua sponte*, imposed a sanction on the appellant is treated as an application for leave to appeal from that portion of the order and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the appeals from the order dated December 23, 1998, and so much of the order dated February 3, 1999, as denied reargument are dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated February 3, 1999, is reversed insofar as reviewed, on the law; and it is further,

Ordered that the respondent is awarded one bill of costs.

Despite the plaintiff wife's denomination of her successive motions as motions to vacate prior orders of the Supreme Court, Richmond County, on the ground of fraud, the motions were, in actuality, for reargument. Therefore, the order denying those motions is not appealable (*see, Mucciola v City of New York,* 177 AD2d 553).

A court may impose a sanction *sua sponte*, but the party to be sanctioned must be afforded a reasonable opportunity to be heard (*see,* 22 NYCRR 130-1.1 [d]). Here, the plaintiff was not afforded such an opportunity (*see, Walker v Weinstock,* 213 AD2d 631). Altman, J. P., Friedmann, Krausman and Feuerstein, JJ., concur.