ZEEV WAGNER et al., Appellants, v STANLEY GOLDBERG et al., Respondents. S. JEROME LEVEY, Nonparty Appellant. [739 NYS2d 850] —In an action, inter alia, for reformation of a deed, the plaintiffs appeal from so much of an order of the Supreme Court, Rockland County (Dillon J.), dated December 1, 2000, as denied their motion for summary judgment against the defendants Stanley Goldberg and Hana Goldberg and for leave to amend the second amended complaint, granted the separate cross motions of the defendants Stanley Goldberg and Hana Goldberg and the defendant JAS, LLC, for summary judgment dismissing the second amended complaint insofar as asserted against them, and granted the separate cross motions by the defendant Pearls' Homes, Inc., and the defendant William H. Youngblood, doing business as William H. Youngblood Associates which were for the same relief and for the imposition of a sanction upon the plaintiffs pursuant to 22 NYCRR 130-1.3, and the attorney for the plaintiffs, S. Jerome Levey, separately appeals from so much of the same order as, sua sponte, imposed a sanction upon him.

Ordered that on the Court's own motion, S. Jerome Levey's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by (a) deleting the provision thereof sua sponte imposing a sanction upon S. Jerome Levey, and (b) deleting the provision thereof granting those branches of the cross motions which were to impose a sanction upon the plaintiffs, and substituting therefor a provision denying those branches of the cross motions; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

The Supreme Court improvidently exercised its discretion in imposing sanctions pursuant to 22 NYCRR 130-1.3. Sanctions are to be imposed where the action is "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]; see Felix v Herby Realty Corp., 287 AD2d 683, 685). Such was not the case here. Further, the court erred in sua sponte imposing a sanction upon the plaintiffs' attorney for the additional reason that he was not afforded a reasonable opportunity to be heard (see Cangro v Cangro, 272 AD2d 286).

However, the Supreme Court correctly determined that the defendants are entitled to summary judgment dismissing the second amended complaint. In each of their separate cross motions, the defendants established their prima facie entitlement to summary judgment (see Zuckerman v City of New York, 49 NY2d 557). The burden then shifted to the plaintiffs to lay bare their proof to show that there was a triable issue of fact (see Kaplan v Hamilton Med. Assoc., 262 AD2d 609, 610). The plaintiffs failed to submit sufficient evidence to meet this burden, and thus summary judgment was properly granted.

The plaintiffs' remaining contentions are without merit. Altman, J.P., Adams, Townes and Crane, JJ., concur. [As amended by unpublished order entered July 24, 2002.]