■ In the Matter of WILLIE GRIFFIN et al., Appellants, v TERRY PANZARIN et al., Respondents. [759 NYS2d 745] —In a proceeding, inter alia, pursuant to RPAPL 1921 to cancel and discharge mortgages on two separate parcels of real property, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Nastasi, J.),

entered June 6, 2002, which dismissed the proceeding and, sua sponte, imposed a sanction upon them pursuant to 22 NYCRR 130-1.1 (d) in the sum of $750 and upon their attorney in the sum of $1,250.

Ordered that on the Court's own motion, the notice of appeal from so much of the order and judgment as, sua sponte, imposed a sanction upon the appellants pursuant to 22 NYCRR 130-1.1 (d) is treated as an application for leave to appeal from that portion of the order and judgment, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the appeal from so much of the order and judgment as, sua sponte, imposed a sanction upon the petitioners' attorney, Nicholas Leo, Jr., is dismissed, as the petitioners are not aggrieved by that portion of the order and judgment (*see* CPLR 5511; *Scopelliti v Town of New Castle,* 92 NY2d 944 [1998]); and it is further,

Ordered that the order and judgment is modified, on the law and as a matter of discretion, by deleting the provisions thereof (1) denying so much of the petition as seeks to cancel and discharge the subject mortgages pursuant to RPAPL 1921 and (2) imposing a sanction upon the petitioners in the sum of $750; as so modified, the order and judgment is affirmed insofar as reviewed, without costs or disbursements, so much of the petition as seeks to cancel and discharge the subject mortgages pursuant to RPAPL 1921 is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The Supreme Court erred in declining to sign the petitioners' order to show cause and in dismissing the proceeding in its entirety. Although the petitioners failed to set forth in their petition the exact subsection of RPAPL 1921 upon which they relied, this defect was not fatal and should not have prevented the Supreme Court from signing the order to show cause, thereby permitting the petitioners to be heard on their application (*see Howard v Murray,* 38 NY2d 695, 699-700 [1976]). Moreover, the Supreme Court erred in finding that the petitioners failed to allege or establish that they ever sought satisfaction of the mortgages from the respondents or that the respondents failed or refused such satisfaction in response thereto. The verified petition does contain these allegations.

However, the Supreme Court correctly determined that RPAPL 1501 does not authorize the commencement of a special proceeding; rather, it contemplates the commencement by way of summons and complaint of an action to cancel and discharge a mortgage on real property after the statute of limitations to

foreclose it has expired. "[T]he courts are empowered and indeed directed to convert a civil judicial proceeding not brought in the proper form into one which would be in proper form, rather than to grant a dismissal, making whatever order is necessary for its proper prosecution" (*Matter of First Natl. City Bank v City of N.Y. Fin. Admin.,* 36 NY2d 87, 94 [1975]). However, the court must have jurisdiction over all of the parties before converting the special proceeding into an action (*see* CPLR 103 [c]; Siegel, NY Prac § 547 at 905 [3d ed]). Here, since the order to show cause was never signed, there was no service of the petition on the respondents and jurisdiction was not obtained over them. Thus, the Supreme Court properly dismissed that portion of the petition seeking relief pursuant to RPAPL 1501 on the ground that it was improperly brought as a special proceeding rather than as an action. The petitioners may, if they be so advised, commence a separate action pursuant to RPAPL 1501 so as to preserve their remedies (*see Matter of Key Bank of N.Y. v Del Norte, Inc.,* 251 AD2d 740 [1998]; *Matter of Goldin,* 227 AD2d 401 [1996]; *Matter of Lester v Bickford,* 88 AD2d 730 [1982]).

The Supreme Court improvidently exercised its discretion in, sua sponte, imposing a sanction on the petitioners pursuant to 22 NYCRR 130-1.1. A court may impose a sanction sua sponte, but the party to be sanctioned must be afforded a reasonable opportunity to be heard (*see* 22 NYCRR 130-1.1 [a], [d]; *Cangro v Cangro,* 272 AD2d 286, 287 [2000]; *Morrison v Morrison,* 246 AD2d 634 [1998]; *George v Wyckoff Hgts. Hosp.,* 222 AD2d 552 [1995]; *Walker v Weinstock,* 213 AD2d 631 [1995]). Here, the petitioners were not afforded such an opportunity. Further, the Supreme Court failed to state why it found the amount of the sanction imposed to be appropriate (*see* 22 NYCRR 130-1.2; *Morrison v Morrison, supra*; *Bosco v U-Haul of Flatbush,* 244 AD2d 373 [1997]; *George v Wyckoff Hgts. Hosp., supra*; *Walker v Weinstock, supra*).

Finally, the petitioners' attorney did not file a notice of appeal on his own behalf, and, therefore, we do not review the propriety of the Supreme Court's determination imposing a sanction upon him (*see Green v Green,* 288 AD2d 436, 438 [2001]; *Katz v Katz,* 279 AD2d 454 [2001]; *Tartaglione v Tiffany,* 275 AD2d 319 [2000]).

Accordingly, the matter is remitted to the Supreme Court, Westchester County, for further proceedings on the order to show cause and the petition insofar as they concern the claim to cancel and discharge the mortgages pursuant to RPAPL 1921. Florio, J.P., Feuerstein, Friedmann and Crane, JJ., concur.