*403 OPINION OF THE COURT
Karen S. Smith, J.
Plaintiffs motion for an order, pursuant to CPLR 3215, granting a judgment on default, is withdrawn. Defendant’s cross motion for an order, pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1, awarding sanctions and costs against plaintiffs counsel is granted.
Defendant moves for costs and sanctions on the ground that plaintiffs counsel knowingly filed the default motion prematurely, refused to return phone calls, refused to provide a copy of the affidavit of service and copies of the prior pleadings and served a demand letter on defendant, constituting frivolous conduct.
The issue to be determined is whether, pursuant to the Civil Practice Law and Rules, plaintiff filed a motion for a default judgment prior to when defendant’s time to answer or appear expired.
According to the county clerk’s minutes, (1) on May 18, 2004, a summons and complaint was filed, (2) on June 22, 2004, an amended summons and complaint was filed, and (3) on July 7, 2004, an amended summons and complaint was filed. There is no indication in the clerk’s minutes that an affidavit of service has been filed. However, according to defendant’s attorney, an examination of the court file indicates that stapled to the back of the filed July 7, 2004 amended summons and complaint was an affidavit of service of the original summons and complaint. That affidavit indicates that defendant was served by substituted service.
Thus, as the affidavit of service was not filed separately but was attached to the back of the amended summons and complaint, a computer search of the clerk’s minutes would not indicate that an affidavit had been filed.
However, accepting the July 7, 2004 date as the date of filing the affidavit, pursuant to CPLR 308, service was complete 10 days later, i.e., on July 17, 2004. Defendant’s time to answer or appear is 30 days after that, August 16, 2004. (CPLR 320 [a]; 306, 308.) As plaintiff filed the motion on July 22, 2004 and made it returnable August 10, 2004, the motion was premature.
Filing a default motion prematurely might not ordinarily constitute frivolous conduct. That is not the case here. According to defendant’s counsel, after having checked the court docket and ascertaining that no affidavit of service had been filed, by voice *404 mail and fax of July 14, 2004 and by letter dated July 15, 2004 to plaintiffs counsel, defendant’s counsel requested a copy of the affidavit of service in order to determine the date by which his client must answer. By fax dated July 18, 2004, plaintiff’s attorney stated that the date of service was May 25, 2004 (without providing a copy of the affidavit) and further stated that he “will be requesting an Inquest on Monday or Tuesday in this matter.” On July 19, via facsimile and mail, defendant’s attorney again requested a copy of the affidavit. The letter states that, as of that date, no affidavit of service had yet been filed with the county clerk and, regarding the claim that plaintiff’s counsel was going to seek an inquest, no motion seeking a default judgment had been filed either. The letter further states:
“Finally, based upon my several requests for the affidavit of service and your knowledge of my retention as counsel to Mansfield, should you now move for a default judgment I will cross move for sanctions based upon your frivolous conduct. Obviously, if you will provide me with a copy of the affidavit of service (as requested now in three writings and two voicemails), we can avoid burdening our clients and the court with unnecessary motions and proceed with litigating the case.”
On the same day, defendant’s counsel again wrote, this time spelling out the applicable statutes which proscribe when a defendant’s time to answer begins to run and emphasized that as the affidavit of service had not been filed, defendant’s time to appear or answer had not yet begun to run. Defendant’s attorney again asked for a copy of the affidavit and proof that it had been filed and stated, “If you do not agree [with my position], please advise as to why — this will avoid having to make the same arguments in motion papers.” By letter dated July 20, defendant’s attorney requested that the affidavit be filed with the court, even if a copy would not be provided to him, in order for him to see it and ascertain whether there was a good faith basis to assert a jurisdictional defense. Defendant’s attorney annexes copies of the correspondence to the cross motion.
In response to the multiple requests, and a clear explanation by defendant’s attorney of when a defendant’s time to answer or appear begins to run, on July 22, 2004, plaintiff’s attorney moved for a default judgment with a return date of August 10, 2004. Annexed to the motion is an unstamped copy of the affidavit of service and the affirmation asserts that it “reflect[s] *405 service on May 24, 2004 [and] . . . The time for defendant to answer or appear has now expired.”
The motion and cross motion, originally returnable on August 10, 2004, were adjourned to September 9, 2004. Included with the submitted motions is plaintiff’s “Notice of Withdrawal,” dated September 8, 2004, withdrawing the default motion. Thus, having made a frivolous motion, having caused defendant to oppose said motion and cross-move for sanctions, and having opposed the cross motion with wholly meritless and unprofessional arguments, including ad hominem attacks against opposing counsel’s character, such statements having caused the necessity of defendant’s counsel to submit a reply to the cross motion, plaintiff’s counsel belatedly says “Oops” and withdraws his motion.
Part 130 of the Rules of the Chief Administrator of the Courts (22 NYCRR 130-1.1) provides, in pertinent part:
“(a) The court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court, except where prohibited by law, costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney’s fees, resulting from frivolous conduct as defined in this Part. In addition to or in lieu of awarding costs, the court, in its discretion may impose financial sanctions upon any party or attorney in a civil action . . . who engages in frivolous conduct as defined in this Part . . .
“(c) For purposes of this Part, conduct is frivolous if:
“(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;
“(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or “(3) it asserts material factual statements that are false ... In determining whether the conduct undertaken was frivolous, the court shall consider, among other issues the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought *406 to the attention of counsel or the party” (emphasis added).
If a court awards costs or sanctions, it must be done in a written decision setting forth the offending conduct, why that conduct has been deemed frivolous and why the amount awarded is appropriate. (Breslaw v Breslaw, 209 AD2d 662 [2d Dept 1994].)
The making of this motion for a default judgment is frivolous conduct as it was made without merit in law, as it asserts material factual statements that are false, and as it may well have been undertaken to harass another. Moreover, the circumstances under which the motion was made indicate that there was ample time available for investigating the legal and factual basis of such a motion and the conduct was continued when its lack of legal and factual basis were apparent and were brought to the attention of counsel.
Defendant is awarded the costs in the form of actual expenses reasonably incurred and reasonable attorney’s fees resulting from plaintiff’s attorney’s refusal, after repeated requests, to provide a copy of the affidavit of service filed with the court and plaintiff’s attorney’s making of the motion for a default judgment after it was brought to his attention that the time to answer or appear had not yet expired, as is appropriate to reimburse defendant.
Accordingly, plaintiff’s motion for a default judgment is withdrawn, and it is ordered that the cross motion for sanctions and costs is granted to the extent that defendant is awarded costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney’s fees resulting from plaintiffs attorney’s refusal, after repeated requests, to provide a copy of the affidavit of service filed with the court and plaintiffs attorney’s making of the motion for a default judgment after it was brought to his attention that the time to answer or appear had not yet expired.