■ JOHN KAMEN, Plaintiff, v CAROL DIAZ-KAMEN, Defendant. RUSSELL I. MARNELL, P.C., Nonparty Appellant. [837 NYS2d 666]—

In an action for a divorce and ancillary relief, Russell I. Marnell, P.C., the former attorney for the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated March 31, 2006, as denied those branches of its motion which sought recusal of the Justice from all future matters concerning the appellant and to vacate the court's sua sponte order dated August 27, 2003, imposing sanctions against the appellant.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court providently exercised its discretion in denying the appellant's motion to vacate a prior order imposing sanctions against it for filing a frivolous motion on behalf of its then-client, the wife in the underlying matrimonial action.

A court may sua sponte impose sanctions against an attorney or a party to the litigation, or against both, but the attorney or party to be sanctioned must be afforded a reasonable opportunity to be heard (*see* 22 NYCRR 130-1.1 [a], [d]; *Matter of Griffin v Panzarin*, 305 AD2d 601, 603 [2003]; *Kelleher v Mt. Kisco Med. Group*, 264 AD2d 760, 761 [1999]; *Morrison v Morrison*, 246 AD2d 634 [1998]).

While the order dated August 27, 2003, purported to rule on the issue of sanctions against the appellant and his then-client, in fact, the court proceeded to schedule and preside over a hearing at which the appellant and his client were afforded a reasonable opportunity to be heard. Moreover, it is clear from the record that the court did not finally decide the matter until after the hearing, at which the appellant was permitted to cross-examine witnesses and present a defense (*cf. Matter of Griffin v Panzarin, supra* 305 AD2d at 603; *Wagner v Goldberg*, 293 AD2d 527, 528 [2002]; *Kelleher v Mt. Kisco Medical Group, supra* 264 AD2d at 761; *Breslaw v Breslaw*, 209 AD2d 662, 663 [1994]).

The court providently exercised its discretion in imposing sanctions against the appellant. "In its discretion, a court may award costs and financial sanctions against an attorney or party resulting from frivolous conduct" (*Flaherty v Stavropoulos*, 199 AD2d 301, 302 [1993], citing 22 NYCRR 130-1.1 [a]). The frivo-

lous conduct here was the filing of a motion that was clearly without merit and in which were asserted material factual statements that were false (*see* NYCRR 130-1.1 [c] [1], [3]; *Wagner v Goldberg, supra* at 528; *Breslaw v Breslaw, supra* 209 AD2d at 663).

Notwithstanding the appellant's assertion to the contrary, the court did not "overstep its authority" in imposing sanctions in the form of counsel fees (*see Curcio v Hogan Coring & Sawing Corp.,* 303 AD2d 357, 359 [2003]; *Bahlkow v Greenberg,* 185 AD2d 829, 831 [1992]).

The court also providently exercised its discretion in denying that branch of the appellant's motion which sought its recusal on all future matters wherein the appellant is the attorney of record. Where no statutory ground exists for disqualification, while a court may, in its discretion, "recuse [itself] from any pending or prospective matters in which [a particular attorney] appears on behalf of a client, such recusal is more properly done on a case-by-case basis" (*Matter of Winston,* 243 AD2d 638, 639 [1997]; *see Berman v Herbert Color Lithographers Corp.,* 222 AD2d 640 [1995]).

Lastly, the court properly precluded the appellant from playing an audio tape to refresh his witness's recollection regarding a telephone conversation between the witness and the wife in the underlying matrimonial action. The conversation concerned the court's purported bias against the appellant and was not relevant to the issue before the court at the sanctions hearing. Spolzino, J.P., Krausman, Skelos and Dickerson, JJ., concur.