MATTHEW KANE, Respondent-Appellant, v TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, Appellant-Respondent. [837 NYS2d 245]—

In an action to recover damages for personal injuries, the defendant Triborough Bridge and Tunnel Authority appeals, by permission, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated May 8,

2006, as, upon granting its motion for a mistrial, directed it to pay the plaintiff an attorney's fee in the sum of $50,000, and, sua sponte, directed it to produce its expert witnesses for depositions and to produce certain expert and laboratory reports, and the plaintiff cross-appeals, as limited by his brief, from so much of the order as denied his oral motion to strike the defendant's answer.

Ordered that on the Court's own motion, the plaintiff's notice of cross appeal is treated as an application for leave to cross-appeal, and leave to cross-appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provisions thereof directing the defendant to pay the plaintiff an attorney's fee in the sum of $50,000, and to produce its expert witnesses for depositions and to produce certain expert and laboratory reports; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

After numerous contentious exchanges between the defense counsel and the court, and between the defense counsel and the plaintiff's counsel, the defense counsel moved for a mistrial, arguing that the court was biased against her client and could not provide a fair trial. The plaintiff, inter alia, opposed such relief, but argued that, if a mistrial were granted, he should be awarded "at least $50,000" in attorney's fees. The court granted the defendant's application for a mistrial, not based on the ground argued, but based on the conduct of the defense counsel. Further, the court directed the defendant to pay the plaintiff an attorney's fee in the sum of $50,000, and, sua sponte, directed the defendant to produce its expert witnesses for depositions, and to produce certain expert and laboratory reports. The defendant appeals and the plaintiff cross-appeals. We modify.

Contrary to the plaintiff's contention on appeal, the award of an attorney's fee cannot be sustained as a sanction for disclosure violations (see CPLR 3126; Riley v ISS Intl. Serv. Sys., 304 AD2d 637 [2003]). Rather, based on the court's statements at trial, it is clear that the award was intended to be the imposition of costs for frivolous conduct within the meaning of 22 NYCRR 130-1.1 (see Yan v Klein, 35 AD3d 729 [2006]). However, the record does not establish a procedural and substantive basis for the imposition of such costs. The court, inter alia, did not provide the defense counsel with notice that it was considering the award of such costs or an opportunity to be heard, and did not identify any conduct it found to be frivolous within the meaning of 22 NYCRR 130-1.1 (see Matter of Vollmar, 34 AD3d

825 [2006]; *Telemark Constr. v Fleetwood & Assoc.*, 236 AD2d 462 [1997]; *Scheinert v Scheinert*, 223 AD2d 631 [1996]). While we do not condone the conduct of the defense counsel, it did not provide a basis for the imposition of such costs.

The court erred in directing the defendant to produce its expert witnesses for depositions and to produce certain expert and laboratory reports. A prior order of the court denied such disclosure (*see Degliuomini v Degliuomini*, 12 AD3d 634 [2004]; *Post v Post*, 141 AD2d 518 [1988]), and the plaintiff failed to demonstrate an entitlement to such disclosure (*see* CPLR 3101 [d] [1]; *North Shore Towers Apts. v Zurich Ins. Co.*, 262 AD2d 468 [1999]; *232 Broadway Corp. v New York Prop. Ins. Underwriting Assn.*, 171 AD2d 861 [1991]; *Marziano v City of Yonkers*, 105 AD2d 832 [1984]).

The parties' remaining contentions are without merit or need not be reached in light of our determination. Miller, J.P., Mastro, Ritter and Balkin, JJ., concur.