■ PIETRO OPPEDISANO, Appellant, v MARLINA OPPEDISANO, Defendant. ANDREW WIGLER, Nonparty Appellant. [31 NYS3d 521]—

Appeals, by permission, from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered October 27, 2014. The order, after a hearing, sua sponte, imposed sanctions in the sum of $5,000 each against the plaintiff and his counsel, nonparty Andrew Wigler, pursuant to 22 NYCRR 130-1.1.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the sanctions imposed against the plaintiff and the nonparty appellant are vacated.

In this action for a divorce and ancillary relief, the Supreme Court held a hearing as to whether to impose sanctions against the plaintiff because it suspected that a person who allegedly was both a relative of the plaintiff and a court employee was trying to influence the court and interfere with the action. After terminating the hearing without testimony from the person in question, the court imposed sanctions in the sum of $5,000 each against the plaintiff and his counsel, nonparty Andrew Wigler. The court found that the plaintiff had violated a court order prohibiting discussion about this case with anyone who was not a party. The court further found that the plaintiff and Wigler had intentionally filed a frivolous CPLR article 78 proceeding in order to derail the hearing. The court also concluded that Wigler had made a frivolous application to exclude the plaintiff's prior counsel from the courtroom during the hearing. The plaintiff and Wigler appeal.

The Supreme Court improvidently exercised its discretion in imposing sanctions against the plaintiff for violating its order not to discuss the case with any nonparty. 22 NYCRR 130-1.1 (d) provides that sanctions may be imposed only after a reasonable opportunity to be heard. By denying the plaintiff the right to cross-examine the person with whom the plaintiff allegedly spoke about this case, and who allegedly tried to influence the court, the court failed to give the plaintiff a reasonable opportunity to be heard (*see Breslaw v Breslaw*, 209 AD2d 662, 663 [1994]; cf. *Kamen v Diaz-Kamen*, 40 AD3d 937 [2007]).

Furthermore, the court improvidently exercised its discretion in imposing sanctions against the plaintiff and Wigler for filing a CPLR article 78 proceeding and making a request to exclude the plaintiff's former counsel from the courtroom during the hearing. The court did not give the plaintiff or Wigler a reasonable opportunity to be heard as to whether this conduct constituted frivolous conduct subject to sanctions. These events took place on the day of the hearing, and the court, sua sponte, imposed sanctions based on those events that same day without giving the plaintiff or his counsel notice that they could be sanctioned for such conduct, and without giving them an opportunity to be heard on such allegations (*see Matter of Griffin v Panzarin*, 305 AD2d 601 [2003]). Furthermore, the court failed to set forth in its order why it found the offending conduct of the plaintiff or his counsel to be frivolous, and why the amount imposed was appropriate (*see* 22 NYCRR 130-1.2; *Vogel v Vogel*, 128 AD3d 681, 685 [2015]; *Hamilton v Cordero*, 10 AD3d 702 [2004]). Rivera, J.P., Leventhal, Dickerson and Miller, JJ., concur.