Muhametaj v Town of Orangetown (2021 NY Slip Op 03460)





Muhametaj v Town of Orangetown


2021 NY Slip Op 03460


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LEONARD B. AUSTIN
BETSY BARROS
PAUL WOOTEN, JJ.


2019-13672
 (Index No. 33000/18)

[*1]Sami Muhametaj, et al., plaintiffs,
v
Town of Orangetown, defendant-appellant; Robert . Magrino, et al., nonparty-appellants.


Scalise & Hamilton, P.C., Scarsdale, NY (Deborah A. Scalise and Annette G. Hasapidis of counsel), for nonparty-appellant Robert V. Magrino, and Keane & Beane, P.C., White Plains, NY (Judson K. Siebert of counsel), for defendant-appellant Town of Orangetown (one brief filed).
Marshall Dennehey Warner Coleman & Goggin, P.C., New York, NY (Jeffrey J. Imeri and Richard C. Imbrogno of counsel), for nonparty-appellants William McPartland and Steven Saal.



DECISION & ORDER
In an action, inter alia, for a declaratory judgment, the defendant and nonparty Robert V. Magrino appeal, and nonparties William McPartland and Steven Saal separately appeal, from an order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated November 20, 2019. The order, upon, in effect, granting the application of the plaintiff Sami Muhametaj pursuant to CPLR 3126 for the imposition of sanctions against the defendant, found that the defendant and nonparties Robert V. Magrino, William McPartland, and Steven Saal engaged in frivolous conduct within the meaning of 22 NYCRR 130-1.1(c)(2) and (3), and imposed monetary sanctions against each of them.
ORDERED that on the Court's own motion, the notices of appeal are deemed applications for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the facts, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings in accordance herewith.
Pursuant to 22 NYCRR 130-1.1, a court, in its discretion, after a reasonable opportunity to be heard, may impose sanctions against a party or the attorney for a party, or both, for frivolous conduct (see 22 NYCRR 130-1.1[b], [d]). "The form of the hearing shall depend [on] the nature of the conduct and the circumstances of the case" (22 NYCRR 130-1.1[d]). Conduct may be deemed frivolous if it is "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another," or "asserts material factual statements that are false" (22 NYCRR 130-1.1[c][2], [3]). In determining if sanctions are appropriate, the court looks at the broad pattern of conduct by the offending attorneys or parties (see Levy v Carol Mgt. Corp. , 260 AD2d 27, 33).
Here, the appellants contend, inter alia, that the Supreme Court improvidently [*2]exercised its discretion in imposing a sanction upon them without affording them an opportunity to be heard. We agree. Under the particular circumstances of this case, the appellants should have received notice of their alleged offending conduct by way of a motion made on notice containing allegations of fact, and should have been given an opportunity to respond. The letter to the court from the plaintiff Sami Muhametaj, dated October 30, 2019, in which sanctions were requested, was insufficient to provide the defendants with notice of their alleged offending conduct. Accordingly, we remit the matter to the Supreme Court, Rockland County, for reconsideration of the issue of appropriate sanctions and costs, if any (see Breslaw v Breslaw , 209 AD2d 662; Flaherty v Stavropoulos , 199 AD2d 301). We decline the appellants' request that we remit the matter to a different Justice.
In light of our determination, the remaining contention of William McPartland and Steven Saal has been rendered academic.
LASALLE, P.J., AUSTIN, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court