Alexander Del Giorno, J.
This is a cross motion to dismiss the claim herein upon the ground that it does not state facts sufficient to constitute a cause of action within the purview of CPLR 3211 (suibd. [a], par. 2).
The claim, filed on March 24, 1962, alleges that claimants, attorneys at law, had been retained by and had represented Rev. Emma Jackson as pastor and as chairman of the board of trustees and by the New Chapel Baptist Church, Inc., of G-reenburgh, New York, in various actions and proceedings, in two of which foreclosure actions had been brought, to foreclose . real property belonging to the church. At the conclusion of the services rendered by claimants, they sent a bill therefor in the sum of $10,300 to the church corporation and to Emma. *597 Jacksón as pastor and chairman of the board of trustees. No part thereof has been paid.
A proceeding was then brought by claimants against Rev. Emma Jackson and the church corporation under sections 474 and 475 of the Judiciary Law, in Supreme Court, Westchester County, in which an order was sought fixing their fees and making such amount a lien upon real property owned by the defendants in Greenburgh, New York.
At that time, and on or about February 1, 1956, claimants filed a lis pendens against the said real property in the office of the County Clerk of Westchester County.
The claim alleges that during the time the lis pendens was on file, certain parcels of realty owned by the New Chapel Baptist Church, Inc., were acquired by the State through appropriation proceedings which were instituted on December 30, 1958 without notice to claimants, and that the State paid to the church an award for the value of the realty taken.
The proceeding brought by claimants under the Judiciary Law came on before Mr. Justice Eager, who in his decision dated December 11, 1956, held that such proceeding did not lie and claimants were to be relegated to a plenary action to recover for their services. The petition and the proceeding were dismissed. Claimants and the Attorney-General differ as to whether an order was entered thereon. It would appear that the Us pendens has not been cancelled of record.
Claimants allege that they instituted a plenary action against Rev. Emma Jackson and the church corporation in April, 1957, in which both defendants defaulted.
Claimants allege further that on October 26,1961, they learned of the appropriation proceeding by mere accident.
The gist of the present, claim is that the State is liable in damages to claimants because it paid an award in the appropriation proceeding without notice to them at a time when the lis pendens was on file in the County Clerk’s office.
Section 120 of the Civil Practice Act provides for the filing of a notice of pendency in an action ‘ ‘ brought to recover a judgment affecting the title to or the possession, use, or enjoyment of real property ’ ’. Where an attorney represents defendants in certain real estate negotiations, his action for the reasonable value of his services is not an action to recover judgment affecting real property, and he is not entitled to file a notice of pendency. The claimants never had a lien upon the real property, the sole cause of action being to recover a stated amount, of money.; Claimants, were not entitled to file a Us *598 pendens. (Kaufman v. Simis, 156 App. Div. 208; Ryan v. La Rosa, 22 Misc 2d 125.)
The lis pendens which had been filed by claimants purported to give notice of the pendency of the proceeding under the Judiciary Law. Since such proceeding was properly dismissed by Mr. Justice Eager, and claimants relegated to a plenary action to recover for their services, the lis pendens perforce was pronounced void and invalid. Thus the filed Us pendens constituted no notice to the State of any valid existing proceeding affecting real property.
The acquisition of the realty by the State took place at a time when the Us pendens was invalid. The motion is granted.