expired on September 15, 1998. A decision regarding the propriety of the denial of an application to extend that order will not, at this juncture, directly affect the rights and interests of the parties. Therefore, the appeal from so much of the order as adhered to the denial of that branch of the plaintiff's motion is dismissed as academic (*see, Matter of Greene v Greene,* 216 AD2d 393; *Matter of Gansburg v Gansburg,* 127 AD2d 766).

Under the circumstances of this case, we find that the Supreme Court did not improvidently exercise its discretion in denying the branch of the appellant's motion which was to recover medical expenses (*see,* Family Ct Act § 842 [h]). O'Brien, J. P., Ritter, Thompson and Goldstein, JJ., concur.

■ SUSAN POLLACK, Also Known as SUSAN VON OHLEN, Appellant, v MARVIN POLLACK, Defendant, and LISA SIANO et al., Nonparty Respondents. [688 NYS2d 644] —In an action for a divorce and ancillary relief, the plaintiff wife appeals (1) from an order of Supreme Court, Nassau County (Winick, J.), dated January 3, 1997, which denied her motion for costs and an attorney's fee and the imposition of a sanction on the defendant, his guardian ad litem, and the receiver, and (2), as limited by her brief, from so much of an order of the same court, dated March 12, 1997, as, in effect, denied her cross motion for, *inter alia*, costs, sanctions and an attorney's fee.

Ordered that the order dated January 3, 1997, is affirmed; and it is further,

Ordered that the order dated March 12, 1997, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents Lisa Siano and Anthony A. Capetola are awarded one bill of costs.

Contrary to the appellant's contention, the court did not improvidently exercise its discretion in denying her motions, *inter alia*, to be awarded costs and an attorney's fee, to impose a sanction upon the defendant, the receiver, and the guardian ad litem. The record fails to show that any of these individuals engaged in conduct which was "completely without merit * * * undertaken * * * to harass or maliciously injure another; or * * * assert[ed] material factual statements that [were] false" (22 NYCRR 130-1.1 [c] [1]-[3]). O'Brien, J. P., Ritter, Thompson and Goldstein, JJ., concur.

■ SUSAN POLLACK, Also Known as SUSAN VON OHLEN, Appellant, v MARVIN POLLACK, Respondent. [686 NYS2d 733] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Nassau County (Winick, J.), dated June 12,