■ LAWRENCE E. MILLER, Respondent, v VINCENT DECONGILIO, Appellant. [704 NYS2d 506] —In an action to recover dam-

ages for personal injuries, etc., the defendant appeals from (1) so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated February 10, 1999, as granted that branch of the plaintiff's cross motion which was for the imposition of a sanction and costs pursuant to 22 NYCRR 130-1.1 and CPLR 3126, and (2) a judgment of the same court (Cannizzaro, J.H.O.), dated April 16, 1999, which, after a hearing, awarded the defendant's counsel the principal sum of $2,225.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, so much of the order dated February 10, 1999, as granted that branch of the plaintiff's cross motion which was for the imposition of a sanction and costs is vacated, and the matter is remitted to the Supreme Court, Richmond County, for a new determination regarding whether and to what extent a sanction and costs should be imposed against the plaintiff's attorney in accordance with the requirements and limitations of 22 NYCRR part 130 and CPLR 3126.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The matter must be remitted for a new determination as to whether a sanction and costs should be imposed, as neither the Supreme Court's order nor the subsequent judgment set forth the conduct upon which the sanction was based, why such conduct was frivolous, or the reasons why the sanction imposed was appropriate (*see,* 22 NYCRR 130-1.2; *Gurvitsch v Gurvitsch,* 236 AD2d 591; *Gossett v Firestar Affiliates,* 224 AD2d 487; *Draliuk v Ferretti,* 221 AD2d 585). If upon remittitur the Supreme Court determines that a sanction is warranted it should set forth what portion of the sanction, if any, was awarded pursuant to 22 NYCRR 130-1.1, and what portion was awarded pursuant to CPLR 3126. Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.