■ LAURIE TROPEANO, Respondent, v STEVEN TROPEANO, Defendant. (Action No. 1.) KIMERLY B. FISCHER, ESQ., Appellant, v LAURIE TROPEANO, Respondent. (Action No. 2.) BRENT M. ALBALA, Plaintiff, v LAURIE TROPEANO, Defendant. (Action No. 3.) [827 NYS2d 161]—

In three related actions, inter alia, for a divorce and ancillary relief (action No. 1) and to recover attorneys' fees incurred in connection with Action No. 1 (action Nos. 2 and 3), which were joined for trial, Kimberly B. Fischer, the plaintiff in action No. 2, appeals from an order of the Supreme Court, Suffolk County (Bivona, J.), dated October 31, 2005, which determined that her conduct in filing a notice of pendency against the marital residence of Laurie Tropeano and Steven Tropeano, the parties in action No. 1, was frivolous within the meaning of 22 NYCRR 130-1.1 (c) (1) and (2), directed that she pay Laurie Tropeano, the defendant in action No. 2, the sum of $4,780, including $4,500 for an attorney's fee and $280 for expenses, and imposed a sanction against her in the sum of $8,500 to be paid to the Lawyers' Fund for Client Protection.

Ordered that the order is modified (1) by deleting the provision thereof imposing a sanction against Kimberly B. Fischer in the sum of $8,500 and substituting therefor a provision imposing a sanction against Kimberly B. Fischer in the sum of $2,500 and (2) by deleting the provision thereof awarding to Laurie

Tropeano, the defendant in action No. 2, the sum of $4,780, including $4,500 for an attorney's fee and $280 for expenses; as so modified, the order is affirmed, with costs to Laurie Tropeano, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate amended order in accordance herewith.

The appellant attorney, Kimberly B. Fischer, filed a notice of pendency against the marital residence of Steven Tropeano and Laurie Tropeano, the parties in the underlying divorce action, after bringing an action to recover legal fees against Laurie Tropeano (hereinafter Tropeano), Fischer's client in that action. The Supreme Court properly found that this conduct was frivolous within the meaning of 22 NYCRR 130-1.1 (c) (1) (*see Snitow v State of New York*, 43 Misc 2d 596, 597-598 [1964]; *Ryan v LaRosa*, 22 Misc 2d 125, 125 [1960]). Fischer's contention that the notice of pendency was properly based on the existence of an equitable lien against the marital residence is without merit, since the record contains no evidence of a clear intent between Tropeano and Fischer that the marital residence was to be held, given, or transferred as security for the payment of Fischer's legal fees (*see Liselli v Liselli*, 263 AD2d 468, 469 [1999]; *Datlof v Turetsky*, 111 AD2d 364, 365 [1985]).

The Supreme Court also properly determined that Fischer's conduct was frivolous within the meaning of 22 NYCRR 130-1.1 (c) (2) in that it was undertaken primarily to harass Tropeano (*cf. Pollack v Pollack*, 260 AD2d 563, 563 [1999]). In attempting to compel Tropeano to pay the legal fees owed at the closing of sale of the marital residence, Fischer implicitly threatened to hold up the sale, the proceeds of which Tropeano urgently required, if Tropeano did not pay Fischer the fees owed at the closing.

Contrary to Fischer's contention, the Supreme Court's award of the sum of $4,780, including $4,500 for an attorney's fee and $280 for expenses pursuant to 22 NYCRR 130-1.1 (a) was a provident exercise of its discretion. However, the Supreme Court erred in failing to set forth in its order "the reasons why the court found the amount awarded or imposed to be appropriate" (22 NYCRR 130-1.2; *see Rennie-Otote v Otote*, 15 AD3d 380, 380 [2005]; *Miller v DeCongilio*, 269 AD2d 504, 505 [2000]). Accordingly, we remit the matter to the Supreme Court so that it may set forth in an amended order the basis for its award as required by 22 NYCRR 130-1.2 (*see Dwaileebe v Six Flags Darien Lake*, 21 AD3d 1282, 1282-1283 [2005]).

We agree with Fischer that the $8,500 sanction imposed by the Supreme Court was excessive and have reduced it accordingly. Schmidt, J.P., Adams, Santucci and Lifson, JJ., concur.