■ Susan Hito Shapiro et al., as Coexecutors of Milton B. Shapiro, Deceased, Appellants-Respondents, v Deborah Shapiro Kurtzman, Respondent-Appellant, et al., Defendants. (Action No. 1.) Deborah G. Kurtzman, Respondent-Appellant, v Susan Hito Shapiro et al., as Coexecutors of Milton B. Shapiro, Appellants-Respondents, et al., Defendants. (Action No. 2.) (And Other Actions.) [54 NYS3d 406]—In related actions, inter alia, to recover the proceeds of certain loans (Action No. 1), and, inter alia, to recover damages for breach of fiduciary duty (Action No. 2), Susan Hito Shapiro and Benjamin Ostrer, as coexecutors of the estate of Milton B. Shapiro, the plaintiffs in Action No. 1 and defendants in Action No. 2, appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Rockland County (Apotheker, J.), dated February 21, 2012, as, upon the motion of Deborah Shapiro Kurtzman, a defendant in Action No. 1, granted her request for an attorney's fee award based on frivolous conduct in that action pursuant to 22 NYCRR 130-1.1, (2) so much of an order of the same court, also dated February 21, 2012, as granted that branch of the motion of Deborah G. Kurtzman, the plaintiff in Action No. 2, which was for an award of an attorney's fee based on frivolous conduct in that action pursuant to 22 NYCRR 130-1.1, and (3) so much of an order of the same court dated February 11, 2014, as, after a hearing to determine the amount of reasonable attorney's fees to be awarded, awarded Deborah Kurtzman, named as Deborah Shapiro Kurtzman in Action No. 1 and as Deborah G. Kurtzman in Action No. 2, attorney's fees in the sum of $626,566.37. Deborah Kurtzman, named as Deborah Shapiro Kurtzman in Action No. 1 and as Deborah G. Kurtzman in Action No. 2, cross-appeals from so much of the order dated February 11, 2014, as failed to award her an additional attorney's fee in the sum of $94,550.39 and interest on the award of attorney's fees.

Ordered that the first order dated February 21, 2012, is reversed insofar as appealed from, on the law, upon the motion of Deborah Shapiro Kurtzman, a defendant in Action No. 1, her request for an attorney's fee award based on frivolous conduct in that action pursuant to 22 NYCRR 130-1.1 is denied, and so much of the order dated February 11, 2014, as awarded Deborah Kurtzman an attorney's fee in connection with Action No. 1 is vacated; and it is further,

Ordered that the second order dated February 21, 2012, is reversed insofar as appealed from, on the law, so much of the order dated February 11, 2014, as awarded Deborah Kurtzman an attorney's fee in connection with Action No. 2 is vacated, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings in accordance herewith; and it is further,

Ordered that the appeal and cross appeal from the order dated February 11, 2014, are dismissed as academic in light of our determinations on the appeals from the orders dated February 21, 2012; and it is further, ·

Ordered that one bill of costs is awarded to Susan Hito Shapiro and Benjamin Ostrer, as co-executors of the estate of Milton B. Shapiro.

Milton B. Shapiro, who was the plaintiff in Action No. 1 and a defendant in Action No. 2, died during the pendency of the appeals and cross appeal, and the co-executors of his estate have been substituted for him. Deborah Kurtzman is a defendant in Action No. 1 (named therein as Deborah Shapiro Kurtzman) and the plaintiff in Action No. 2 (named therein as Deborah G. Kurtzman).

In Action No. 1, upon Kurtzman's motion, the Supreme Court erred in granting her request for an attorney's fee award based on frivolous conduct in that action pursuant to 22 NYCRR 130-1.1. Kurtzman specified for the first time in her reply papers that she sought an attorney's fee pursuant to 22 NYCRR 130-1.1. As Shapiro did not have notice, Kurtzman was not entitled to this relief without first giving Shapiro an opportunity to be heard (*see North Shore Envtl. Solutions, Inc. v Glass*, 17 AD3d 427 [2005]; *Household Fin. Corp. III v Dynan*, 274 AD2d 656 [2000]; *Matter of Leewen Contr. Corp. v Department of Sanitation of City of N.Y.*, 272 AD2d 246 [2000]; *Matter of TIG Ins. Co. v Pellegrini*, 258 AD2d 658 [1999]).

In Action No. 2, the Supreme Court erred in granting that branch of Kurtzman's motion which was for an award of an attorney's fee based on frivolous conduct in that action pursuant to 22 NYCRR 130-1.1. The court did not follow the proper pro-

cedure to impose an award of an attorney's fee since it failed to specify in a written decision the conduct upon which the award was based, and the reasons why it found the conduct to be frivolous (*see* 22 NYCRR 130-1.2; *Rennie-Otote v Otote*, 15 AD3d 380 [2005]; *Miller v DeCongilio*, 269 AD2d 504 [2000]). Accordingly, this matter must be remitted to the Supreme Court, Rockland County, for a new determination as to whether attorney's fees should be awarded in Action No. 2, after following the proper procedure set forth in 22 NYCRR 130-1.2.

In light of our determination, we do not address the parties' remaining contentions. Leventhal, J.P., Cohen, Hinds-Radix and Connolly, JJ., concur.