Merchant Cash & Capital, LLC v Blueshyft, Inc. (2019 NY Slip Op 06200)





Merchant Cash & Capital, LLC v Blueshyft, Inc.


2019 NY Slip Op 06200


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2017-10074
2019-08928
 (Index No. 608968/16)

[*1]Merchant Cash & Capital, LLC, etc., plaintiff,
v
Blueshyft, Inc., etc., et al., defendants; Mark Yosef, nonparty-appellant.


Mark Yosef, Brooklyn, NY, nonparty-appellant pro se.
Amos Weinberg, Great Neck, NY, for defendants.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, nonparty Mark Yosef appeals from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered August 9, 2017. The order, insofar as appealed from, directed nonparty Mark Yosef to pay a sanction in the amount of $1,500 to the Lawyers' Fund for Client Protection. The appeal brings up for review so much of an order of the same court entered October 11, 2017, as, in effect, upon renewal and reargument, adhered to the original determination in the order entered August 9, 2017, imposing a sanction (see CPLR 5517[b]).
ORDERED that the appeal from so much of the order entered August 9, 2017, as directed nonparty Mark Yosef to pay a sanction in the amount of $1,500 to the Lawyers' Fund for Client Protection is dismissed, without costs or disbursements, as that portion of the order was superseded by the order entered October 11, 2017, made upon renewal and reargument; and it is further,
ORDERED that the order entered October 11, 2017, is reversed insofar as reviewed, on the law, without costs or disbursements, upon renewal and reargument, so much of the order entered August 9, 2017, as directed nonparty Mark Yosef to pay a sanction in the amount of $1,500 to the Lawyers' Fund for Client Protection is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.
In this action, inter alia, to recover damages for breach of contract, the Supreme Court issued an order entered August 9, 2017, among other things, imposing a sanction against nonparty Mark Yosef (hereinafter the appellant), who was an associate of the law firm representing the defendants in the action. Thereafter, the appellant moved, inter alia, for leave to renew and reargue the court's imposition of a sanction against him. The court conducted a hearing on the motion. Following the hearing, the court issued an order entered October 11, 2017, in effect, granting that branch of the appellant's motion which was for leave to renew and reargue, and upon renewal and reargument, adhering to the original determination imposing a sanction against him.
A court, in its discretion, may impose financial sanctions against a party or attorney who engages in frivolous conduct after affording him or her a reasonable opportunity to be heard (see 22 NYCRR 130-1.1[a], [d]; Matter of Gwenyth V. [Jennifer W.], 159 AD3d 1097, 1098; Weissman v Weissman, 116 AD3d 848, 849). Here, contrary to the appellant's contention, the Supreme Court, which conducted a formal hearing, afforded him a reasonable opportunity to be heard on the issue of sanctions (see 22 NYCRR 130-1.1[d]; Matter of Khan-Soleil v Rashad, 111 AD3d 727, 728; cf. Oppedisano v Oppedisano, 138 AD3d 1080, 1081).
However, the Supreme Court did not follow the proper procedure in imposing a sanction since it failed to specify in a written decision the conduct upon which the imposition was based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount imposed to be appropriate, as required by 22 NYCRR 130-1.2 (see Shapiro v Kurtzman, 149 AD3d 1117, 1118-1119; Miller v DeCongilio, 269 AD2d 504, 505). Accordingly, we remit the matter to the Supreme Court, Nassau County, for the issuance of either a written decision accompanying an amended order or an amended order, which, upon imposing the sanction, sets forth the conduct upon which the imposition was based, the reasons why the court found the conduct to be frivolous, and the reasons the sanction was fixed in the amount indicated (see Tropeano v Tropeano, 35 AD3d 444, 445; Matter of Vollmar, 34 AD3d 825, 825).
The appellant's remaining contention is without merit.
AUSTIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court