Shapiro v Kurtzman (2020 NY Slip Op 07233)





Shapiro v Kurtzman


2020 NY Slip Op 07233


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2019-04524
 (Index No. 7875/01)

[*1]Susan Hito Shapiro, etc., et al., respondents,
v
Deborah Shapiro Kurtzman, appellant, et al., defendants (and related actions).


Cole Schotz P.C., New York, NY (Jed M. Weiss of counsel), for appellant.
Keane & Beane, P.C., White Plains, NY (Edward F. Beane of counsel), for respondent Susan Hito Shapiro.



DECISION & ORDER
In an action, inter alia, to recover proceeds of certain loans, the defendant Deborah Shapiro Kurtzman appeals from an order of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), entered February 14, 2019. The order denied the motion of the defendant Deborah Shapiro Kurtzman to restore the action to the active calendar and that defendant's separate motion for an award of attorney's fees based on frivolous conduct in this action pursuant to 22 NYCRR 130-1.1.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendant Deborah Shapiro Kurtzman for an award of attorney's fees based on frivolous conduct in this action pursuant to 22 NYCRR 130-1.1; as so modified, the order is affirmed, with costs to the defendant Deborah Shapiro Kurtzman, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings consistent herewith.
On a prior appeal in this action and a related action, this Court determined that in this action (referred to as Action No. 1 on the prior appeal), upon a motion made by the defendant Deborah Shapiro Kurtzman, the Supreme Court erred in granting Kurtzman's request for an award of attorney's fees based on frivolous conduct in this action pursuant to 22 NYCRR 130-1.1. Kurtzman specified for the first time in her reply papers that she sought an award of attorney's fees pursuant to 22 NYCRR 130-1.1. Consequently, this Court determined that, as Kurtzman's adversary did not have notice, Kurtzman was not entitled to an award of attorney's fees without first giving her adversary an opportunity to be heard (see Shapiro v Kurtzman, 149 AD3d 1117).
Following this Court's determination, Kurtzman moved to restore this action to the active calendar and separately moved for an award of attorney's fees based on frivolous conduct in this action pursuant to 22 NYCRR 130-1.1. In the order appealed from, the Supreme Court denied Kurtzman's motions, determining that the action terminated when this Court did not specifically reserve Kurtzman's right to re-file a motion for an award of attorney's fees pursuant to 22 NYCRR 130-1.1 and, therefore, the court lacked jurisdiction to restore the action.
We agree with Kurtzman's contention that the Supreme Court erred in determining that it lacked jurisdiction to consider her motion in this action for an award of attorney's fees [*2]pursuant to 22 NYCRR 130-1.1. Since Kurtzman never before made a formal motion for an award of attorney's fees pursuant to 22 NYCRR 130-1.1 in this action, and this Court's prior determination that the Supreme Court's award of attorney's fees was made in error did not reach the merits of Kurtzman's request, Kurtzman was not precluded from making the subsequent motions at issue here. Since the Supreme Court decided not to entertain the merits of the motion for an award of attorney's fees pursuant to 22 NYCRR 130-1.1 on jurisdictional grounds, the matter is remitted to the Supreme Court, Rockland County, for a determination of that motion on the merits (see American Fedn. of School Adm'rs, AFL-CIO v Council of Adm'rs & Supervisors, 266 AD2d 417).
We agree with the Supreme Court's determination to deny Kurtzman's motion to restore this action to the active calendar. This Court's decision on the prior appeal to reverse the Supreme Court's order granting Kurtzman's request for an award of attorney's fees and to vacate so much of a subsequent order as awarded Kurtzman attorney's fees in connection with this action did not have the effect of dismissing this action, and therefore, Kurtzman's motion to restore the action was unnecessary (cf. Ryskin v Corniel, 181 AD3d 742).
MASTRO, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court